IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONNELL WEST TRUCKING CO., INC., FIDADELFO JUAREZ and GUCHARAN SINGH, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 4:20-cv-3649 |
| ESTES EXPRESS LINES and CAROLYN DRIGGARS as Representative of the Estate of DEBORAH REGAN, | § § § § § | |
| Defendants. | § § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Comes now Estes Express Lines ("Defendant") and hereby files this, its Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1446. In support thereof, Defendant respectfully shows as follows:

### I. THE STATE COURT ACTION AT ISSUE.

1.      On or about September 25, 2020, a civil action was commenced in the 215th Judicial District Court of Harris County, Texas by the filing of an original petition bearing the caption: *Connell West Trucking Co., Inc. Fidadelfo Juarez and Gucharan Singh v. Estes Express Lines and Carolyn Driggars as Representative of the Estate of Deborah Regan*, Cause No.: 2020-60502 (hereinafter referred to as the "State Court Action"). As of the date of the filing of this notice of removal and pursuant to Local Rule 81, the following are contained in the State Court Action which are attached hereto as Exhibit A: **1.** Plaintiff's Original Petition, **2.** Citation and Affidavit of Service related to Estes Express Lines, **3.** Defendant's, Estes Express Lines, Motion to Transfer

Venue to Hudspeth County, Texas; **4.** Subject to its Motion to Transfer Venue, Defendant, Estes Express Lines, Original Answer and Affirmative Defenses. *See* Ex. A, Certified Copies of State Court Action Pleadings.

2.      The State Court Action is a personal injury suit involving an alleged motor vehicle accident ("the Subject Accident") that occurred in Hudspeth County, Texas on or about Friday, September 27, 2019. *See* Ex. A, Plt. Orig. Pet., ¶¶ 4.1-4.2.

3.      The party-plaintiffs in the State Court Action are Connell West Trucking Co. Inc. ("Plaintiff-Connell"), Fidadelfo Juarez ("Plaintiff-Juarez") and Gucharan Singh ("Plaintiff-Singh") (Plaintiff-Connell, Plaintiff-Juarez and Plaintiff-Singh are hereinafter collectively referred to as "Plaintiffs").

4.      Plaintiff-Connell is a corporate entity organized under the laws of the State of California and a citizen of California. *Id.* at ¶ 2.1.  Plaintiff-Connell's principle place of business is located at 9392 Pier Drive, Huntington Beach, California 92646. Under 28 U.S.C. § 1332(c)(1), Plaintiff-Connell is a citizen of the State of California.

5.      Plaintiff-Juarez is a resident and citizen of the State of California who resides at 14057 Rockrose Ct, Corona, California 92880. Plaintiff-Juarez is not a citizen of the State of Texas because Plaintiff-Juarez is a resident and citizen of the State of California.

6.      Plaintiff-Singh is a resident and citizen of the State of California who resides at 17 Carriage Dr., Foothill Ranch, California 92610. Plaintiff-Singh is not a citizen of the State of Texas because Plaintiff-Singh is a resident and citizen of the State of California.

7.      Defendant (Estes Express Lines) is a corporation organized under the laws of the State of Virginia with its principal place of business at 3901 West Broad St., Richmond, Virginia 23230. Under 28 U.S.C. § 1332(c)(1), Defendant is a citizen of the State of Virginia.

8.     Defendant, Carolyn Driggars[1] ("Defendant-Driggars"), is a resident and citizen of the State of Utah who resides at 3689 South Porter Ave., Ogden, Utah 84403. Defendant-Driggars does not join in the instant Notice of Removal because as of the date of the filing of the instant Notice of Removal, Driggars has not been served with process in the State Court Action and thus she is not required to join in the instant Notice of Removal. *See* 28 U.S.C. § 1446(b)(2)(A); *see also Getty Oil Corp. v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1262 n.9 (5th Cir. 1988) *citing Pullman v. Jenkins,* 305 U.S. 534, 59 S. Ct. 347, 83 L. Ed. 334 (1939); *see also Jones v. Houston Indep. School Dist.,* 979 F.2d 1004, 1007 (5th Cir. 1992). Defendant-Driggars is not a resident or citizen of the State of Texas because at the time the state court action was commenced, Defendant-Driggars was a resident and citizen of the State of Utah. The citizenship of an individual is based on the individual's domicile. *Coury v. Prot,* 85 F.3d 244, 250 (5th Cir. 1996).

9.     Under 28 U.S.C. § 1332(c)(2), Defendant-Driggars is not a citizen of the State of Texas because she is not the Representative of the Estate of Deborah Regan. Defendant-Driggars is also not an heir of the Estate of Deborah Regan. Because Defendant Regan is not an heir or Representative of the Estate of Deborah Regan, section 28 U.S.C. § 1332(c)(2) is inapplicable to Defendant-Driggars and Plaintiffs have improperly joined her to defeat diversity.

10.    Defendant was served with a copy of the citation and petition in the State Court Action on Monday, September 28, 2020. As such, this notice of removal is filed within thirty (30) days of receipt of the petition and is timely filed under 28 U.S.C. § 1446(b).

11.    No hearings have been scheduled in the State Court Action. A jury trial was requested by the Plaintiffs in the State Court Action.

---

[1] Plaintiffs allege that Carolyne Driggars is an heir of and the representative of the estate of Deborah Regan, deceased. *See* Ex. A, Introductory Paragrah & ¶ 2.3. Defendant-Driggars is not an heir of the estate of Deborah Regan, and she is not the representative of the estate of Deborah Regan.

12.     The State Court Action is pending within this district and division, as is required for removal by 28 U.S.C. § 1441(a). *See* Ex. A.

13.     This Notice of Removal is filed within thirty days of Monday, September 28, 2020, the date on which Defendant was served with copies of the citation and petition, which is also the date on which Defendant had notice of its removal grounds: diversity of citizenship jurisdiction.

## II. GROUNDS FOR REMOVAL – COMPLETE DIVERSITY OF CITIZENSHIP.

14.     The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties, in that Defendant and Defendant-Driggars are now, and were at the time the State Court Action was commenced, diverse in citizenship from the Plaintiffs. Defendant and Defendant-Driggars are not currently citizens or residents of the State of Texas, nor were they citizens or residents of the State of Texas at the time the State Court Action commenced.

15.     Removal of the State Court Action is proper under 28 U.S.C. Section 1441, since it is a civil action brought in a state court. *See* 28 U.S.C. § 1441. The federal district courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. Section 1332 because Defendant and Defendant-Driggars are diverse in citizenship from the Plaintiffs. *See* 28 U.S.C. § 1332.

## III. IMPROPER JOINDER OF CAROLYNE DRIGGARS AS HEIR AND REPRESENTATIVE OF THE ESTATE OF DEBORAH REGAN.

16.     To the extent that Plaintiffs allege in the state court action that Defendant-Driggars is an heir of and the representative of the estate of Deborah Regan, such allegations are incorrect and have been asserted to destroy diversity.

17.     "The doctrine of improper joinder rests on these statutory underpinnings, which entitle a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Improper joinder may be shown either by actual fraud in the pleading of jurisdictional facts or the plaintiff's inability to

establish a cause of action against the non-diverse party in state court. *Id.* With regard to the latter, the Court may analyze "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

18.     Here, there is no possibility of recovery against Defendant-Driggars because her declaration establishes that she is not an heir or the representative of the estate of Deborah Regan.

19.     Under Texas law, "[a] suit seeking to establish the decedent's liability on a claim and subject property of the estate to its payment should ordinarily be instituted against the personal representative or, under appropriate circumstances, against the heirs or beneficiaries." *See Price v. Anderson's* Estate, 522 S.W.2d 690, 691 (Tex. 1975); *accord Miller v. Estate of Self*, 113 S.W.3d 554, 556 (Tex. App.--Texarkana 2003, no pet.).

20.     Defendant-Driggars has affirmed that she is not an heir or the representative of the estate of Deborah Regan. Based on the established facts from Defendant-Driggars's declaration, Plaintiffs cannot recover against her. *Id.* To the extent that Plaintiffs seek to establish Defendant-Driggars as a Texas citizen under 28 U.S.C. § 1332(c)(2) by alleging that she is an heir or representative of the estate of Deborah Regan, such allegations –including application of 28 U.S.C. § 1332(c)(2)– should be disregarded for purposes of diversity jurisdiction.

21.     Because no properly joined defendant is a citizen of Texas, *see* 28 U.S.C. § 1441(b)(2), removal based on diversity jurisdiction is proper.

### IV. GROUNDS FOR REMOVAL – JURISDICTIONAL AMOUNT.

22.     Based on the express allegations contained by paragraph 1.1 of Plaintiffs' Original Petition, Plaintiffs seek monetary relief over $1,000,000.00 (One Million Dollars). *See* Ex. A, Plt. Orig.

Pet., ¶ 1.1. Defendant is entitled to rely on Plaintiffs' allegation regarding the monetary amount contained in their Original Petition to establish the jurisdictional requirement of 28 U.S.C. § 1332(a). *See* 28 U.S.C. § 1446(c)(2). Thus, the amount in controversy in this action exceeds, exclusive of interest and costs, the sum of $75,000 in accordance with 28 U.S.C. § 1332.

## IV. OTHER REMOVAL MATTERS.

23.    Defendant reserves the right to amend or supplement this Notice of Removal.

24.    Pursuant to 28 U.S.C. § 1446(d), Defendant shall give Plaintiffs written notice of the filing of this Notice of Removal, and shall file a written notice of this Notice of Removal with the District Clerk of the Harris County, 215th Judicial District, attaching a file-stamped copy of this Notice of Removal.

25.    Pursuant to 28 U.S.C. §§ 1332 and 1446, this action is removable to the United States District Court for the Southern District of Texas (Houston Division).

Respectfully submitted,

RINCON LAW GROUP, P.C.
1014 North Mesa Street, Suite 200
El Paso, Texas 79902
(915) 532-6800 (Telephone)
(915) 532-6808 (Facsimile)

By:    */s/ Sergio E. Chavez*
CARLOS RINCON
State Bar No. 16932700
E-mail: CRincon@rinconlawgroup.com
SERGIO E. CHAVEZ
State Bar No. 24031939
E-mail: SChavez@rinconlawgroup.com

Attorneys for Estes Express Lines

## **CERTIFICATE OF SERVICE**

I certify on this 23rd day of October of 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties, through their counsel of record, by operation of the Court's CM/ECF electronic filing system. Parties may access this filing through the Court's notice of filing:

| | | |
|---|---|---|
| Brant J. Stogner | ☒ | *Via Electronic Service* |
| Jonathan D. Sneed | ☐ | *Via Facsimile Transmission* |
| ABRAHAM, WATKINS, NICHOLS, SORRELS, | ☒ | *Via E-Mail* |
| AGOSTO, AZIZ & STOGNER | ☐ | *Via Certified Mail, RRR* |
| 800 Commerce St. | ☐ | *Via USPS First Class* |
| Houston, Texas 77002-1776 | ☐ | *Via Hand Delivery* |
| (713) 222-7211 (Telephone) | ☐ | *Via Commercial Delivery Service* |
| (713) 225-0827 (Facsimile) | | |
| bstogner@awtxlaw.com | | |
| jsneed@awtxlaw.com | | |

Attorneys for Plaintiffs

 /s/ *Sergio E. Chavez*
SERGIO E. CHAVEZ

## INDEX OF MATTERS BEING FILED

| | |
|---|---|
| Exhibit A | Certified copies of Harris County, Texas state court file contained in Cause No. 2020-60502: <br><br> 1. Plaintiffs' Original Petition and Request for Disclosure; <br> 2. Citation and Affidavit of Service on Estes Express Lines; <br> 3. Defendant's, Estes Express Lines, Motion to Transfer Venue; and, <br> 4. Subject to Its Motion to Transfer Venue to Hudspeth County, Texas, Defendant's, Estes Express Lines, Original Answer to Plaintiffs' Original Petition, Affirmative Defenses, and Special Exceptions. |

## LIST OF ALL COUNSEL OF RECORD

| PARTY | COUNSEL OF RECORD |
|---|---|
| **Plaintiffs** <br> Connell West Trucking Co., Inc. <br><br> Fidadelfo Juarez <br><br> Gucharan Singh | Brant J. Stogner <br> Jonathan D. Sneed <br> ABRAHAM, WATKINS, NICHOLS, SORRELS, AGOSTO, AZIZ & STOGNER <br> 800 Commerce St. <br> Houston, Texas 77002-1776 <br> (713) 222-7211 (Telephone) <br> (713) 225-0827 (Facsimile) <br> bstogner@awtxlaw.com <br> jsneed@awtxlaw.com |
| **Defendants** <br> Estes Express Lines <br><br> Carolyn Driggars, as Representative of the Estate of Deborah Regan | Carlos Rincon <br> Sergio E. Chavez <br> RINCON LAW GROUP, P.C. <br> 1014 N. Mesa St., Suite 200 <br> El Paso, Texas 79902 <br> (915) 532-6800 (Telephone) <br> (915) 532-6808 (Facsimile) <br> crincon@rinconlawgroup.com <br> schavez@rinconlawgroup.com |