# EXHIBIT A

9/25/2020 4:09 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 46593336
By: Joshua Hall
Filed: 9/25/2020 4:09 PM

<div style="writing-mode: vertical">Certified Document Number: 92339878 - Page 1 of 12</div>

## CAUSE NO. _____

| | | |
|---|---|---|
| **CONNELL WEST TRUCKING CO. INC.,** | § | **IN THE DISTRICT COURT OF** |
| **FIDADELFO JUAREZ, and** | § | |
| **GUCHARAN SINGH** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **ESTES EXPRESS LINES and CAROLYN** | § | |
| **DRIGGARS, as Representative of the Estate** | § | |
| **of DEBORAH REGAN** | § | |
| | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

### PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Plaintiffs CONNELL WEST TRUCKING CO. INC., FIDADELFO JUAREZ, and GUCHARAN SINGH ("Plaintiffs") file this Original Petition, complaining of Defendants ESTES EXPRESS LINES and CAROLYN DRIGGARS, as Representative of the Estate of DEBORAH REGAN, deceased (collectively "Defendants"), and in support of the same would respectfully show the following:

## I.
### DISCOVERY CONTROL PLAN

1.1     Plaintiffs intend that discovery be conducted under Level 3 and affirmatively plead that they seek monetary relief over $1,000,000.00 at this time.  Plaintiffs reserve the right to amend this damage calculation as discovery progresses.  Plaintiffs make this damage calculation at this time pursuant to Texas Rule of Civil Procedure 47.

## II.
### PARTIES

2.1     Plaintiff Connell West Trucking Co. Inc. is a corporation organized in California and authorized to conduct business in the State of Texas.

2.2     Defendant Estes Express Lines is a foreign for-profit corporation doing a substantial amount of business in Texas. Defendant may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

2.3     Defendant Carolyn Driggars is a Texas resident and the surviving natural mother and heir of decedent Deborah Regan. Defendant Carolyn Driggars may be served with process at her residence located at 11616 White Leaf Court W., Fort Worth, Texas 76135 or wherever she may be found.

### III.
### JURISDICTION & VENUE

3.1     This Court has jurisdiction of the subject matter of this lawsuit and the amount of controversy is above the minimum jurisdictional limits of this Honorable Court.

3.2     Venue is proper in Harris County pursuant to TEX. CIV. PRAC. & REM. §15.002(a)(3) because Defendant Estes Express Lines maintains its principal office at 7345 Roundhouse Lane, Houston, Texas 77078, which is located in Harris County.

3.3     The federal courts lack jurisdiction over this suit. Plaintiffs' claims raise no federal question, nor do they seek relief under a federal law, statute, regulation, treaty, or the Constitution. Accordingly, Plaintiffs' right to relief does not depend on the resolution of a substantial question of federal law. Further, this lawsuit cannot be removed because there is no diversity, as one of the Defendants is a Texas resident. Therefore, removal would be improper.

### IV.
### FACTS

4.1     On or about Friday, September 27, 2019 at approximately 4:50 p.m., Plaintiffs were operating an 18-wheeler and hauling two trailers of cargo when they were involved in a

Certified Document Number: 92339878 - Page 2 of 12

major interstate trucking collision near mile marker 102 on eastbound I-10. Plaintiff Connell West Trucking Co. Inc. ("Connell West") is a freight company based in California that ships goods and packages throughout the country. At the time of the incident, Plaintiffs Fidadelfo Juarez and Gucharan Singh were jointly hauling two trailers loaded with cargo from Connell West's headquarters in California to Houston, Texas.

4.2    Mr. Singh was operating the tractor truck while Mr. Juarez was off duty in the sleeper berth as they were approaching the Sierra Blanca Border Patrol Checkpoint in the right eastbound lane of I-10. Traffic was slowed due to the checkpoint and Plaintiff Singh was traveling approximately 10-15 miles per hour in accordance with the slow-moving traffic in front of him. At this same time, decedent Deborah Regan was operating an 18-wheeler also hauling two loaded trailers of cargo on behalf of Defendant Estes Express Lines and heading for Dallas, Texas. Suddenly and without warning, Regan failed to control her speed and crashed into the rear of Plaintiffs' vehicle at highway speed.



Certified Document Number: 92339878 - Page 3 of 12



4.3     The force of the impact caused the cab of Defendant's vehicle to become completely flattened and engulfed in flames. The fire also incinerated the trailer Defendant was hauling immediately behind its cab, as well as Plaintiff's trailer that was directly impacted by the crash. Immediately following the collision, Plaintiffs, dazed and injured, went to the Estes Express Lines cab and attempted to pull Defendant Regan and her passenger from the burning vehicle. Plaintiffs were unable to remove the occupants from the Estes Express Lines 18-wheeler and Deborah Regan, as well as her passenger, Terry Huey, were both killed as a result of the force of impact and the fire that subsequently consumed their vehicle.

4.4     The Texas Highway Patrol conducted a "Major Crash Investigation" into the subject collision and found no evidence that Estes Express Lines driver Deborah Regan ever applied the brakes before colliding into the rear of Plaintiffs' vehicle and trailers. According to

Certified Document Number: 92339878 - Page 4 of 12

Defendant's electronic GPS tracking logs, Regan's last known speed just before the crash was sixty-seven (67) miles per hour. Investigators were never able to identify any reason for Regan's failure to control her speed and concluded that her failure was the sole cause of the subject crash.

4.5    Plaintiffs Juarez and Singh suffered incapacitating injuries and Plaintiff Connell West sustained substantial property and business-related losses as a result of the high speed crash and destruction of their freight trailer.

<div align="center">

**V.**

**NEGLIGENCE AND NEGLIGENCE PER SE**
</div>

5.1    Defendants had a duty to exercise the degree of care that a reasonably prudent person driving a commercial vehicle would use to avoid harm to others under circumstances similar to those described herein.

5.2    Plaintiffs' injuries and damages were proximately caused by Defendants' negligent, careless, and reckless disregard of said duty.

5.3    On the occasion in question, the collision and Plaintiffs' damages were proximately caused by the negligence, carelessness, and recklessness of Defendants in at least one or more of the following, non-exclusive particulars:

(1)    In failing to control the vehicle, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

(2)    In failing to timely and properly apply the brakes, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

(3)    In failing to maintain a proper lookout while operating a motor vehicle, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

Certified Document Number: 92339878 - Page 5 of 12

(4)     In failing to take proper evasive action to avoid an impending collision, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

(5)     In engaging in distracted driving and/or operating a cell phone while driving, as would not have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

(6)     In failing to reasonably and appropriately maintain the vehicle in good working order before operating it on public roadways; and

(7)     In driving the vehicle in willful or wanton disregard for the safety of persons, in violation of TEX. TRANS. CODE § 545.401, which also constitutes negligence per se.

5.4     Each and all of the above and foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence and negligence per se, which proximately caused the occurrence made the basis of this suit, and Plaintiffs' injuries and damages pled herein.

# VI.
## VICARIOUS LIABILITY

6.1     Plaintiffs plead that at the time of the occurrence made the basis of this suit and all other times material herein, Defendant Regan was acting in her capacity as an agent, servant, representative, vice principal, president, corporate officer, manager, and/or employee of Defendant Estes Express Lines and was acting within the course and scope of her authority as such at the time of the incident. Therefore, the doctrine of *respondeat superior* should be applied to Defendant Estes Express Lines and they should be held vicariously responsible for the acts and omissions of their agent and/or employee and/or servant and/or corporate officer and/or manager and/or vice principal, Defendant Regan.

Certified Document Number: 92339878 - Page 6 of 12

6.2    Alternatively and in addition, Defendant Estes Express Lines is vicariously liable, as a matter of law, for the acts and omissions of its driver, Defendant Regan, as listed above, pursuant to the Federal Motor Carrier Safety Regulations because Defendant is an interstate and/or intrastate motor carrier, and their driver injured Plaintiffs through negligence while operating an interstate and/or intrastate motor carrier vehicle. The Federal Motor Carrier Safety Regulations, which were also adopted by Texas, mandate that Defendant is liable for violations of the federal regulations by its driver because the duties imposed therein are nondelegable.[1] Accordingly, Defendant Regan was also a statutory employee of Defendant at the time of the incident because she was engaged in the performance of nondelegable and absolute duties, as listed above, of Defendant Estes Express Lines.

## VII.
## NEGLIGENT HIRING, TRAINING, RETENTION & SUPERVISION

7.1    Alternatively, and in addition, Defendant Estes Express Lines negligently hired, supervised, trained, and retained Defendant Regan, who negligently struck and injured Plaintiffs and caused consequential damages to Plaintiff Connell West's property and business.

7.2    As an employer, Defendant Estes Express Lines owed a duty to Plaintiffs and the general public to hire, supervise, train, and retain a competent and professional commercial driver, including Defendant Regan. Defendant Estes Express Lines owed said duty to supervise and train Defendant Regan and to ensure that the public would be safe while she operated commercial vehicles on behalf of Defendant. Based on information and belief, Defendant Estes Express Lines breached said duties and negligently permitted and/or encouraged its driver to negligently operate Defendant's commercial vehicle.

---

[1] 49 C.F.R. § 390.11 (2009).

Certified Document Number: 92339878 - Page 7 of 12

7.3     Additionally, in the absence of Defendant's negligence, the incident would not have occurred. Defendant's breach of said duties was, singularly or in combination with others, the producing and/or proximate cause of the incident and Plaintiffs' damages pled herein.

## VIII.
## NEGLIGENT ENTRUSTMENT

8.1     Defendant Estes Express Lines is also liable for negligent entrustment of a motor vehicle to its driver, Defendant Regan, that forms the basis of this suit. Defendant Estes Express Lines may be held liable for negligent entrustment because (1) Defendant was the owner of the subject 18-wheeler; (2) Defendant entrusted the vehicle to Defendant Regan; (3) Defendant's employee driver was an incompetent and reckless driver; (4) Defendant knew or should have known Defendant Regan was an incompetent and reckless driver; (5) Defendant's driver was negligent on the occasion in question; and (6) the driver's negligence proximately caused Plaintiffs' damages.

## IX.
## GROSS NEGLIGENCE

9.1     Defendants acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs and others. Defendants had actual, subjective awareness of the risk involved in the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs and others.

9.2     Based on the facts stated herein, Plaintiffs request exemplary damages be awarded to Plaintiffs from Defendants.

Certified Document Number: 92339878 - Page 8 of 12

# X.
## DAMAGES

10.1    As a result of Defendants' negligence, Plaintiffs suffered serious injuries.

Plaintiffs brings this action for the following damages:

a)    Medical, hospital, and pharmaceutical charges and expenses in the past;

b)    Medical, hospital, and pharmaceutical charges and expenses that, in reasonable medical probability, will be incurred in the future;

c)    Physical pain and suffering in the past;

d)    Physical pain and suffering that, in reasonable probability, will be suffered in the future;

e)    Mental anguish suffered in the past;

f)    Mental anguish that, in reasonable probability, will be suffered in the future;

g)    Disability and impairment in the past;

h)    Disability and impairment that, in reasonable probability, will occur in the future;

i)    Disfigurement in the past;

j)    Disfigurement that, in reasonable probability, will occur in the future;

k)    Lost wages in the past;

l)    Loss of earning capacity in the future;

m)    Loss of use of the subject vehicle and trailers damaged in the incident in the past;

n)    Property damage sustained in the past;

o)    Other pecuniary losses suffered in the past as a consequence of the subject collision;

p)    Exemplary damages; and

Certified Document Number: 92339878 - Page 9 of 12

q)      Judgment for all other relief to which Plaintiff deems she is entitled.

10.2    Based on the above-enumerated injuries and damages which were caused by the acts and/or omissions of Defendants, Plaintiffs seek both prejudgment and post-judgment interest as allowed by law, for all costs of court, actual damages, exemplary damages, compensatory damages, and all other relief, both in law and in equity, to which Plaintiffs may be entitled.

## XI.
### PRESERVATION OF EVIDENCE

11.1    The Plaintiffs previously and hereby request and demand that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including: photographs, videotapes, audiotapes, recordings, medical records, bills, estimates, invoices, checks, measurements, equipment, inspections of the scene, complaints, maintenance records, repair estimates, records, and bills; correspondence, memoranda, files, facsimiles, emails, dispatcher transmissions, GPS data, 911 communications, voice mail, text messages, any items which were removed from the vehicle after the accident, investigations, cellular telephone records, calendar entries, diary entries, log books, insurance policies, witness statements; and any electronic image, data, or information related to the referenced incident or the Plaintiffs.

11.2    Failure to maintain such items will constitute "spoliation" of the evidence.

## XII.
### NOTICE OF AUTHENTICATION OF DOCUMENTS

12.1    The Plaintiffs hereby provide actual notice to the Defendants that the Plaintiffs will use any or every document produced by the Defendants in response to written discovery in a pretrial proceeding or at trial. Pursuant to TEX. R. CIV. P. 193.7, the Defendants' production of a document in response to written discovery authenticates the document for use against the

Certified Document Number: 92339878 - Page 10 of 12

Defendants unless - within 10 days or longer or shorter time ordered by the Court – the Defendants object to the authenticity of the document, or any part of it, stating the specific basis for the objections. An objection must be either on the record or in writing and must have a good faith factual and legal basis. An objection made to the authenticity of only part of a document does not affect the authenticity of the remainder.

## XIII.
### REQUEST FOR DISCLOSURE

13.1    Pursuant to Rule 194, the Defendants are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendants be cited to appear and answer herein, and that upon a final hearing hereof, Plaintiffs have judgment against Defendants for actual damages in an amount the jury deems reasonable under the circumstances, which are in excess of the minimum jurisdictional limits of the Court, together with pre-judgment interest, post-judgment interest, exemplary damages, costs of court, and for such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**ABRAHAM, WATKINS, NICHOLS,**
**SORRELS, AGOSTO, AZIZ & STOGNER**

By:     *Jonathan D. Sneed*
BRANT J. STOGNER
State Bar No. 24038389
bstogner@awtxlaw.com
JONATHAN D. SNEED
State Bar No. 24085594
jsneed@awtxlaw.com
800 Commerce Street
Houston, Texas 77002-1776

Telephone:  (713) 222-7211
Facsimile:  (713) 225-0827

**ATTORNEYS FOR PLAINTIFFS**

Certified Document Number: 92339878 - Page 12 of 12



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 21, 2020

Certified Document Number:        92339878 Total Pages:  12

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

10/1/2020 10:17 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 46741946
By: F Abdul-Bari
Filed: 10/1/2020 10:17 AM

CAUSE NO. 202060502

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 867233  TRACKING NO: 73793143
EML

| | |
|---|---|
| Plaintiff:<br>CONNELL WEST TRUCKING CO INC<br>vs.<br>Defendant:<br>ESTES EXPRESS LINES | In The 215th<br>Judicial District Court of<br>Harris County, Texas<br>201 CAROLINE<br>Houston, Texas |

## CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

**To:    ESTES EXPRESS LINES (A FOREIGN FOR-PROFIT CORPORATION) MAY BE SERVED WITH
PROCESS BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY DBA CSC-
LAWYERS INCORPORATING SERVICE COMPANY
211 E 7TH STREET SUITE 620, AUSTIN TX 78701**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

This instrument was filed on September 25, 2020 in the above cited cause number and court. The instrument attached
describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with
the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after
you were served this citation and petition, a default judgment may be taken against you.

This citation was issued on September 28, 2020, under my hand and seal of said court.



Issued at the request of:

SNEED, JONATHAN DAVID
800 COMMERCE STREET
HOUSTON, TX 77002-1776
713-222-7211
Bar Number: 24085594

Marilyn Burgess

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:JOSHUA HALL


Affidavit Attached

Certified Document Number: 92412100 - Page 1 of 2

## AFFIDAVIT OF SERVICE

| | | |
|---|---|---|
| **State of Texas** | **County of Harris** | **215th Judicial District Court** |

Case Number: 202060502

Plaintiff:
**Connell West Trucking Co, Inc.**

vs.

Defendant:
**Estes Express Lines**

For:
Jonathan Sneed
800 Commerce Street
Houston, TX 77002

Received by Infinity Reporting Group, LLC on the 28th day of September, 2020 at 11:45 am to be served on **Estes Express Lines, 211 E 7th Street, Suite 620, Austin, TX 78701**.

I, Chris Dathe, being duly sworn, depose and say that on the **28th day of September, 2020** at **1:06 pm, I**:

served a **CORPORATION** by delivering a true copy of the **Citation, Plaintiffs' Original Petition and Request for Disclosure** with the date of service endorsed thereon by me, to: **John Spidel** as **Intake Agent for Corporation Service Company** who is the Registered Agent for **Estes Express Lines**, at the address of: **211 E 7th Street, Suite 620, Austin, TX 78701**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 30th
day of September, 2020 by the affiant
who is personally known to me.

_____
NOTARY PUBLIC

CECILIA DATHE
ID #129576644
My Commission Expires
September 29, 2021

**Chris Dathe**
PSC 6008, Exp. 12-31-20

**Infinity Reporting Group, LLC**
**11200 Richmond Avenue**
**Suite 410**
**Houston, TX 77082**
**(832) 930-4484**

Our Job Serial Number: MCI-2020001465

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1c

Certified Document Number: 92412100 - Page 2 of 2



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 21, 2020

Certified Document Number:       92412100 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

10/15/2020 5:16 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 47239801
By: F Abdul-Bari
Filed: 10/15/2020 5:16 PM

CAUSE NO. 2020-60502

| | | |
|---|---|---|
| CONNELL WEST TRUCKING CO., INC., FIDADELFO JUAREZ and GUCHARAN SINGH, | § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| ESTES EXPRESS LINES and CAROLYN DRIGGARS as Representative of the Estate of DEBORAH REGAN, | § § § § § § | |
| Defendants. | § | 215TH JUDICIAL DISTRICT |

## <u>DEFENDANT'S, ESTES EXPRESS LINES, MOTION TO TRANSFER VENUE</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, Estes Express Lines, ("Estes Express"), and files its Motion to Transfer Venue pursuant to Texas Rule of Civil Procedure 86, respectfully showing the following:

### I. Procedural and Factual Background.

On September 25, 2020, the Plaintiffs, Connell West Trucking Co. Inc. ("CWT"), Fidadelfo Juarez ("Juarez") and Gucharan Singh ("Singh") (CWT, Juarez and Singh are collectively referred to as the "Plaintiffs"), filed their Original Petition in Harris County, Texas. *See* Ex. A, Pls.' Orig. Pet. dated Sept. 25, 2020.

Plaintiffs allege in their Original Petition (the "Petition") that their suit arises from a motor vehicle accident (the "Subject Accident") that occurred on the eastbound lane of Interstate-10 ("I-10") near the Sierra Blanca Border Patrol Checkpoint on Friday, September 27, 2019. *See* Ex. A, ¶¶ 4.1-4.2. The Petition also alleges that the Subject Accident was caused by Deborah Regan (Co-Defendant Regan) who was operating a commercial vehicle on behalf of Estes Express. *Id.* at ¶ 4.2.

Certified Document Number: 92653003 - Page 1 of 6

The Subject Accident occurred in Hudspeth County, Texas as shown by the police report. *See* Ex. B, Police Report. Since the Subject Accident occurred in Hudspeth County, Texas, all of the factual allegations related to the Subject Accident occurred in Hudspeth County, Texas.

Plaintiffs' only basis for venue in Harris County, Texas is based on the allegation that Estes Express has its principle office in Harris County, Texas. Pls.' Orig. Pet. at 1.

Estes Express now files its Motion to Transfer Venue.

## II.  Legal Standard for Motion to Transfer Venue

A defendant can raise "the question of proper venue by objecting to a plaintiff's venue choice through a motion to transfer venue." *Wichita Cnty, Tex. v. Hart*, 917 S.W.2d 779, 781 (Tex. 1996) (citing Tex. R. Civ. P. 86).  "If there is any probative evidence that venue was proper in the county to which transfer was sought," the Court must transfer venue to that county. *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 758 (Tex. 1993).

## III.  Analysis

### A. Legal Authority

Venue may be proper in more than one county and the plaintiff gets the first choice to fix venue by filing suit. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding); *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding). However, if a plaintiff files suit in a county which is an improper venue, plaintiff waives her choice of venue and the defendant may have the suit transferred to another county as long as venue is proper in that county. Tex. Civ. P. & Rem. Code § 15.002(a)(1)-(4); *In re Mo. Pac. Ry. Co.*, 998 S.W.2d 212, 216 (Tex. 1999).

Pursuant to Texas Civil Practice and Remedies Code ("CPRC") section 15.002, "all lawsuits shall be brought":

Certified Document Number: 9265303 - Page 2 of 6

2

(1)  in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred;

(2)  in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person; or

(3)  in the county of the defendant's principal office in this state, if the defendant is not a natural person, or

(4)  if Subdivisions (1), (2), and (3) do not apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action.

Tex. Civ. P. & Rem. Code § 15.002(a)(1)-(4).

**B. Venue is improper in Harris County, Texas because Estes Express does not maintain a principle office in Harris County.**

Plaintiffs filed suit in Harris County, Texas based on the allegation that Estes Express maintains a principle office in Harris County located at 7345 Roundhouse Lane, Houston, Texas 77078. *See* Ex. A, ¶ 3.2. Estes Express disputes it maintains a principle office in Harris County, Texas; therefore, Estes Express objects to Harris County on the grounds it is an improper venue.

Principle office is defined as an office of a corporation "in which the decision makers for the organization within this state conduct the daily affairs of the organization." Tex. Civ. Prac. & Rem. Code § 15.001(a). "'Decision makers' are not mere agents or representatives of a business entity, but the individuals with authority to control and direct the daily affairs of the entity." *In re Mo. Pac. Ry. Co.*, 998 S.W.2d at 217. The daily affairs of a company do not imply or mean "relatively common, low-level managerial decisions." *Id.* And as noted by the venue statute itself, "[t]he mere presence of an agency or representative does not establish a principle office. Tex. Civ. Prac. & Rem. Code § 15.001(a).

Here, the principle corporate office for Estes Express is not located in Harris County, Texas. *See* Ex. C, Beacham Decl., ¶¶ 2, 4. While Estes Express maintains a terminal at 7345 Roundhouse Lane, Houston, Texas 77078, that terminal is not Estes Express's principle office. *Id.*

3

Certified Document Number: 9263003 - Page 3 of 6

The terminal manager has some authority to make decisions for the operation of the terminal, but the terminal and its managerial employees are under the control of and subordinate to Estes Express's high-level officers located in Richmond, Virginia. *Id.* at ¶ 2. The terminal in Harris County, Texas does not have any of the high-level officers having the authority to control and direct the daily affairs of Estes Express. *Id.* at ¶ 2, 4.

Rather, Estes Express's principle offices are located in Richmond, Virginia where the individuals having the authority to control and effect the daily affairs of Estes Express are located. *Id.* at ¶ 3. Such individuals include the Chief Executive Officer, Chief Financial Officer, Vice-President, Treasurer, and several directors of Estes Express among other high-level officers. *Id.* All business decisions effecting the daily operations of Estes Express are made by the high-level officers located at its corporate and principle offices in Richmond, Virginia. *Id.*

**C. Venue is proper in Hudspeth County, Texas, because the Subject Accident occurred in Hudspeth County.**

The Plaintiffs improperly filed suit in Harris County, because Estes Express's principle office is not located in Harris County. *Id.* The Plaintiffs chose not to file suit in Hudspeth County which is the county where all or substantial parts of the Subject Accident occurred. *See* Ex. B, Police Report. Section 15.002(a)(1) applies in this case because all of the Plaintiffs' factual allegations regarding the Subject Accident occurred in Hudspeth County. *Id.* Thus, this Court should grant Estes Express's Motion to Transfer Venue because it has shown that Hudspeth County, and not Harris County, is a proper venue for this suit. *In re Mo. Pac. Ry. Co.*, 998 S.W.2d 212, 217 (Tex. 1999) (Concluding trial court abused discretion by not transferring suit to county where Union Pacific Railroad maintained its principle office in Texas).

In further support that venue is proper in Hudspeth County, Texas under 15.002(a)(1), Estes Express pleads in accordance with Texas Rule of Civil Procedure 87, that if a claim and/or

Certified Document Number: 9265300 3 - Page 4 of 6

causes of action exists, then the causes of action accrued in Hudspeth County, Texas which is the specific county where the Subject Accident occurred and to which transfer is sought. Tex. R. Civ. P. 87(b).

## IV.  Prayer

WHEREFORE PREMISES CONSIDERED, Defendant, Estes Express Lines, moves this Honorable Court to grant its Motion to Transfer Venue, transfer the instant cause to Hudspeth County, Texas, the proper venue in this case, and for any and all other relief to which Defendant may be justly entitled to.

Respectfully submitted,

RINCON LAW GROUP, P.C.
1014 North Mesa Street, Suite 200
El Paso, Texas 79902
(915) 532-6800 (Telephone)
(915) 532-6808 (Facsimile)

By:    _/s/ Sergio E. Chavez_____
CARLOS RINCON
State Bar No. 16932700
E-mail: CRincon@rinconlawgroup.com
SERGIO E. CHAVEZ
State Bar No. 24031939
E-mail: SChavez@rinconlawgroup.com

Attorneys for Estes Express Lines

## <u>CERTIFICATE OF SERVICE</u>

I certify a true and correct copy of the foregoing document was served as follows on the parties through their counsel of record on this 15th day of October 2020.

Brant J. Stogner
Jonathan D. Sneed
ABRAHAM, WATKINS, NICHOLS, SORRELS,
AGOSTO, AZIZ & STOGNER
800 Commerce St.
Houston, Texas 77002-1776
(713) 222-7211 (Telephone)
(713) 225-0827 (Facsimile)
bstogner@awtxlaw.com
jsneed@awtxlaw.com

Attorneys for Plaintiffs

☒   *Via Electronic Service*
☐   *Via Facsimile Transmission*
☒   *Via E-Mail*
☐   *Via Certified Mail, RRR*
☐   *Via USPS First Class*
☐   *Via Hand Delivery*
☐   *Via Commercial Delivery Service*

/s/ Sergio E. Chavez
SERGIO E. CHAVEZ

Certified Document Number: 9263003 - Page 6 of 6



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 21, 2020

Certified Document Number:        92653003 Total Pages:  6

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# EXHIBIT A

Certified Document Number: 92653004 - Page 1 of 13

9/25/2020 4:09 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 46593336
By: Joshua Hall
Filed: 9/25/2020 4:09 PM

**CAUSE NO. _____**

| | | |
|---|---|---|
| **CONNELL WEST TRUCKING CO. INC.,** | § | **IN THE DISTRICT COURT OF** |
| **FIDADELFO JUAREZ, and** | § | |
| **GUCHARAN SINGH** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **ESTES EXPRESS LINES and CAROLYN** | § | |
| **DRIGGARS, as Representative of the Estate** | § | |
| **of DEBORAH REGAN** | § | |
| | § | |
| *Defendants.* | § | **_____ JUDICIAL DISTRICT** |

**PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

Plaintiffs CONNELL WEST TRUCKING CO. INC., FIDADELFO JUAREZ, and GUCHARAN SINGH ("Plaintiffs") file this Original Petition, complaining of Defendants ESTES EXPRESS LINES and CAROLYN DRIGGARS, as Representative of the Estate of DEBORAH REGAN, deceased (collectively "Defendants"), and in support of the same would respectfully show the following:

**I.**
**DISCOVERY CONTROL PLAN**

1.1     Plaintiffs intend that discovery be conducted under Level 3 and affirmatively plead that they seek monetary relief over $1,000,000.00 at this time.  Plaintiffs reserve the right to amend this damage calculation as discovery progresses.  Plaintiffs make this damage calculation at this time pursuant to Texas Rule of Civil Procedure 47.

**II.**
**PARTIES**

2.1     Plaintiff Connell West Trucking Co. Inc. is a corporation organized in California and authorized to conduct business in the State of Texas.

Certified Document Number: 92653004 - Page 2 of 13

2.2     Defendant Estes Express Lines is a foreign for-profit corporation doing a substantial amount of business in Texas. Defendant may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

2.3     Defendant Carolyn Driggars is a Texas resident and the surviving natural mother and heir of decedent Deborah Regan. Defendant Carolyn Driggars may be served with process at her residence located at 11616 White Leaf Court W., Fort Worth, Texas 76135 or wherever she may be found.

### III.
### JURISDICTION & VENUE

3.1     This Court has jurisdiction of the subject matter of this lawsuit and the amount of controversy is above the minimum jurisdictional limits of this Honorable Court.

3.2     Venue is proper in Harris County pursuant to TEX. CIV. PRAC. & REM. §15.002(a)(3) because Defendant Estes Express Lines maintains its principal office at 7345 Roundhouse Lane, Houston, Texas 77078, which is located in Harris County.

3.3     The federal courts lack jurisdiction over this suit. Plaintiffs' claims raise no federal question, nor do they seek relief under a federal law, statute, regulation, treaty, or the Constitution. Accordingly, Plaintiffs' right to relief does not depend on the resolution of a substantial question of federal law. Further, this lawsuit cannot be removed because there is no diversity, as one of the Defendants is a Texas resident. Therefore, removal would be improper.

### IV.
### FACTS

4.1     On or about Friday, September 27, 2019 at approximately 4:50 p.m., Plaintiffs were operating an 18-wheeler and hauling two trailers of cargo when they were involved in a

Certified Document Number: 9265304 - Page 3 of 13

major interstate trucking collision near mile marker 102 on eastbound I-10. Plaintiff Connell West Trucking Co. Inc. ("Connell West") is a freight company based in California that ships goods and packages throughout the country. At the time of the incident, Plaintiffs Fidadelfo Juarez and Gucharan Singh were jointly hauling two trailers loaded with cargo from Connell West's headquarters in California to Houston, Texas.

4.2     Mr. Singh was operating the tractor truck while Mr. Juarez was off duty in the sleeper berth as they were approaching the Sierra Blanca Border Patrol Checkpoint in the right eastbound lane of I-10. Traffic was slowed due to the checkpoint and Plaintiff Singh was traveling approximately 10-15 miles per hour in accordance with the slow-moving traffic in front of him. At this same time, decedent Deborah Regan was operating an 18-wheeler also hauling two loaded trailers of cargo on behalf of Defendant Estes Express Lines and heading for Dallas, Texas. Suddenly and without warning, Regan failed to control her speed and crashed into the rear of Plaintiffs' vehicle at highway speed.



Certified Document Number: 92653004 - Page 4 of 13



4.3     The force of the impact caused the cab of Defendant's vehicle to become completely flattened and engulfed in flames. The fire also incinerated the trailer Defendant was hauling immediately behind its cab, as well as Plaintiff's trailer that was directly impacted by the crash. Immediately following the collision, Plaintiffs, dazed and injured, went to the Estes Express Lines cab and attempted to pull Defendant Regan and her passenger from the burning vehicle. Plaintiffs were unable to remove the occupants from the Estes Express Lines 18-wheeler and Deborah Regan, as well as her passenger, Terry Huey, were both killed as a result of the force of impact and the fire that subsequently consumed their vehicle.

4.4     The Texas Highway Patrol conducted a "Major Crash Investigation" into the subject collision and found no evidence that Estes Express Lines driver Deborah Regan ever applied the brakes before colliding into the rear of Plaintiffs' vehicle and trailers. According to

Certified Document Number: 92653004 - Page 5 of 13

Defendant's electronic GPS tracking logs, Regan's last known speed just before the crash was sixty-seven (67) miles per hour. Investigators were never able to identify any reason for Regan's failure to control her speed and concluded that her failure was the sole cause of the subject crash.

4.5     Plaintiffs Juarez and Singh suffered incapacitating injuries and Plaintiff Connell West sustained substantial property and business-related losses as a result of the high speed crash and destruction of their freight trailer.

## V.
## NEGLIGENCE AND NEGLIGENCE PER SE

5.1     Defendants had a duty to exercise the degree of care that a reasonably prudent person driving a commercial vehicle would use to avoid harm to others under circumstances similar to those described herein.

5.2     Plaintiffs' injuries and damages were proximately caused by Defendants' negligent, careless, and reckless disregard of said duty.

5.3     On the occasion in question, the collision and Plaintiffs' damages were proximately caused by the negligence, carelessness, and recklessness of Defendants in at least one or more of the following, non-exclusive particulars:

(1)     In failing to control the vehicle, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

(2)     In failing to timely and properly apply the brakes, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

(3)     In failing to maintain a proper lookout while operating a motor vehicle, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

Certified Document Number: 92653004 - Page 6 of 13

(4)   In failing to take proper evasive action to avoid an impending collision, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

(5)   In engaging in distracted driving and/or operating a cell phone while driving, as would not have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

(6)   In failing to reasonably and appropriately maintain the vehicle in good working order before operating it on public roadways; and

(7)   In driving the vehicle in willful or wanton disregard for the safety of persons, in violation of TEX. TRANS. CODE § 545.401, which also constitutes negligence per se.

5.4   Each and all of the above and foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence and negligence per se, which proximately caused the occurrence made the basis of this suit, and Plaintiffs' injuries and damages pled herein.

## VI.
### VICARIOUS LIABILITY

6.1   Plaintiffs plead that at the time of the occurrence made the basis of this suit and all other times material herein, Defendant Regan was acting in her capacity as an agent, servant, representative, vice principal, president, corporate officer, manager, and/or employee of Defendant Estes Express Lines and was acting within the course and scope of her authority as such at the time of the incident. Therefore, the doctrine of *respondeat superior* should be applied to Defendant Estes Express Lines and they should be held vicariously responsible for the acts and omissions of their agent and/or employee and/or servant and/or corporate officer and/or manager and/or vice principal, Defendant Regan.

6.2     Alternatively and in addition, Defendant Estes Express Lines is vicariously liable, as a matter of law, for the acts and omissions of its driver, Defendant Regan, as listed above, pursuant to the Federal Motor Carrier Safety Regulations because Defendant is an interstate and/or intrastate motor carrier, and their driver injured Plaintiffs through negligence while operating an interstate and/or intrastate motor carrier vehicle. The Federal Motor Carrier Safety Regulations, which were also adopted by Texas, mandate that Defendant is liable for violations of the federal regulations by its driver because the duties imposed therein are nondelegable.[1] Accordingly, Defendant Regan was also a statutory employee of Defendant at the time of the incident because she was engaged in the performance of nondelegable and absolute duties, as listed above, of Defendant Estes Express Lines.

## VII.
## NEGLIGENT HIRING, TRAINING, RETENTION & SUPERVISION

7.1     Alternatively, and in addition, Defendant Estes Express Lines negligently hired, supervised, trained, and retained Defendant Regan, who negligently struck and injured Plaintiffs and caused consequential damages to Plaintiff Connell West's property and business.

7.2     As an employer, Defendant Estes Express Lines owed a duty to Plaintiffs and the general public to hire, supervise, train, and retain a competent and professional commercial driver, including Defendant Regan. Defendant Estes Express Lines owed said duty to supervise and train Defendant Regan and to ensure that the public would be safe while she operated commercial vehicles on behalf of Defendant. Based on information and belief, Defendant Estes Express Lines breached said duties and negligently permitted and/or encouraged its driver to negligently operate Defendant's commercial vehicle.

---

[1] 49 C.F.R. § 390.11 (2009).

Certified Document Number: 92653004 - Page 8 of 13

7.3     Additionally, in the absence of Defendant's negligence, the incident would not have occurred. Defendant's breach of said duties was, singularly or in combination with others, the producing and/or proximate cause of the incident and Plaintiffs' damages pled herein.

## VIII.
### NEGLIGENT ENTRUSTMENT

8.1     Defendant Estes Express Lines is also liable for negligent entrustment of a motor vehicle to its driver, Defendant Regan, that forms the basis of this suit. Defendant Estes Express Lines may be held liable for negligent entrustment because (1) Defendant was the owner of the subject 18-wheeler; (2) Defendant entrusted the vehicle to Defendant Regan; (3) Defendant's employee driver was an incompetent and reckless driver; (4) Defendant knew or should have known Defendant Regan was an incompetent and reckless driver; (5) Defendant's driver was negligent on the occasion in question; and (6) the driver's negligence proximately caused Plaintiffs' damages.

## IX.
### GROSS NEGLIGENCE

9.1     Defendants acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs and others. Defendants had actual, subjective awareness of the risk involved in the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs and others.

9.2     Based on the facts stated herein, Plaintiffs request exemplary damages be awarded to Plaintiffs from Defendants.

Certified Document Number: 92653004 - Page 9 of 13

## X.
### DAMAGES

10.1     As a result of Defendants' negligence, Plaintiffs suffered serious injuries.

Plaintiffs brings this action for the following damages:

a)     Medical, hospital, and pharmaceutical charges and expenses in the past;

b)     Medical, hospital, and pharmaceutical charges and expenses that, in reasonable medical probability, will be incurred in the future;

c)     Physical pain and suffering in the past;

d)     Physical pain and suffering that, in reasonable probability, will be suffered in the future;

e)     Mental anguish suffered in the past;

f)     Mental anguish that, in reasonable probability, will be suffered in the future;

g)     Disability and impairment in the past;

h)     Disability and impairment that, in reasonable probability, will occur in the future;

i)     Disfigurement in the past;

j)     Disfigurement that, in reasonable probability, will occur in the future;

k)     Lost wages in the past;

l)     Loss of earning capacity in the future;

m)     Loss of use of the subject vehicle and trailers damaged in the incident in the past;

n)     Property damage sustained in the past;

o)     Other pecuniary losses suffered in the past as a consequence of the subject collision;

p)     Exemplary damages; and

Plaintiffs' Original Petition and Request for Disclosure                                    Page 9

q)     Judgment for all other relief to which Plaintiff deems she is entitled.

10.2    Based on the above-enumerated injuries and damages which were caused by the acts and/or omissions of Defendants, Plaintiffs seek both prejudgment and post-judgment interest as allowed by law, for all costs of court, actual damages, exemplary damages, compensatory damages, and all other relief, both in law and in equity, to which Plaintiffs may be entitled.

## XI.
### PRESERVATION OF EVIDENCE

11.1    The Plaintiffs previously and hereby request and demand that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including: photographs, videotapes, audiotapes, recordings, medical records, bills, estimates, invoices, checks, measurements, equipment, inspections of the scene, complaints, maintenance records, repair estimates, records, and bills; correspondence, memoranda, files, facsimiles, emails, dispatcher transmissions, GPS data, 911 communications, voice mail, text messages, any items which were removed from the vehicle after the accident, investigations, cellular telephone records, calendar entries, diary entries, log books, insurance policies, witness statements; and any electronic image, data, or information related to the referenced incident or the Plaintiffs.

11.2    Failure to maintain such items will constitute "spoliation" of the evidence.

## XII.
### NOTICE OF AUTHENTICATION OF DOCUMENTS

12.1    The Plaintiffs hereby provide actual notice to the Defendants that the Plaintiffs will use any or every document produced by the Defendants in response to written discovery in a pretrial proceeding or at trial. Pursuant to TEX. R. CIV. P. 193.7, the Defendants' production of a document in response to written discovery authenticates the document for use against the

Defendants unless - within 10 days or longer or shorter time ordered by the Court – the Defendants object to the authenticity of the document, or any part of it, stating the specific basis for the objections. An objection must be either on the record or in writing and must have a good faith factual and legal basis. An objection made to the authenticity of only part of a document does not affect the authenticity of the remainder.

## XIII.
### REQUEST FOR DISCLOSURE

13.1    Pursuant to Rule 194, the Defendants are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendants be cited to appear and answer herein, and that upon a final hearing hereof, Plaintiffs have judgment against Defendants for actual damages in an amount the jury deems reasonable under the circumstances, which are in excess of the minimum jurisdictional limits of the Court, together with pre-judgment interest, post-judgment interest, exemplary damages, costs of court, and for such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**ABRAHAM, WATKINS, NICHOLS,
SORRELS, AGOSTO, AZIZ & STOGNER**

By:    *Jonathan D. Sneed*
        BRANT J. STOGNER
        State Bar No. 24038389
        bstogner@awtxlaw.com
        JONATHAN D. SNEED
        State Bar No. 24085594
        jsneed@awtxlaw.com
        800 Commerce Street
        Houston, Texas 77002-1776

Telephone:  (713) 222-7211
Facsimile:   (713) 225-0827

**ATTORNEYS FOR PLAINTIFFS**

Certified Document Number: 92653004 - Page 13 of 13



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 21, 2020

Certified Document Number:        92653004 Total Pages:  13

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

# EXHIBIT B

Certified Document Number: 92653005 - Page 1 of 8



## Texas Department of Transportation

125 EAST 11TH STREET, AUSTIN, TEXAS 78701-2483 | 512.463.8588 | WWW.TXDOT.GOV

Wed, 30 September 2020

STATE OF TEXAS          §

This is to certify that I, Jim Hollis, am employed by the Texas Department of Transportation (Department); that I am the Custodian of Motor Vehicle Crash Records for such Department; that the attached is a true and correct copy of the peace officer's report filed with the Department referred to in the attached request with the crash date of Fri, 27 September 2019, which occurred in Hudspeth County; that the investigations of motor vehicle crashes by peace officers are authorized by law; that this Texas Peace Officer's Crash Report is required by law to be completed and filed with this Department; that this report sets forth matters observed pursuant to duty imposed by law as to which matters there was a duty to report, or factual findings resulting from an investigation made pursuant to authority granted by law.

Jim Hollis
Director, Crash Data & Analysis Section
125 East 11th Street
Austin, TX  78701-2483
1-844-274-7457



OUR VALUES:  *People • Accountability • Trust • Honesty*
OUR MISSION:  *Connecting You With Texas*

An Equal Opportunity Employer

☒ FATAL   ☒ CMV   ☐ SCHOOL BUS   ☐ RAILROAD   ☐ MAB   ☐ SUPPLEMENT   ☐ ACTIVE SCHOOL ZONE

| Total Num Inj | 1 | Total Num Kill | 4 | TxDOT Crash ID | 17342881.1 /2019502540 |
|---|---|---|---|---|---|

**Texas Peace Officer's Crash Report (Form CR-3 1/1/2018)**

Mail to: Texas Department of Transportation, Crash Data and Analysis, P.O. Box 149349, Austin, TX 78714.  Questions? Call 844/274-7457
Refer to Attached Code Sheet for Numbered Fields
*=These fields are required on all additional sheets submitted for this crash (ex.: additional vehicles, occupants, injured, etc.).

Page _1_ of _6_

## IDENTIFICATION & LOCATION

| *Crash Date (MM/DD/YYYY) | 09 / 27 / 2019 | *Crash Time (24HRMM) | 1 6 5 0 | Case ID | | Local Use | |
|---|---|---|---|---|---|---|---|

| *County Name | HUDSPETH | *City Name | | | ☒ Outside City Limit |
|---|---|---|---|---|---|

In your opinion, did this crash result in at least $1,000 damage to any one person's property?  ☒ Yes  ☐ No

Latitude (decimal degrees) 3 1 . 1 9 6 0 1

Longitude — (decimal degrees) 1 0 5 . 1 4 4 1 4 5 6

### ROAD ON WHICH CRASH OCCURRED

| *1 Rdwy. Sys. | IH | *Hwy. Num. | 10 | 2 Rdwy. Part | 1 | Block Num. | | 3 Street Prefix | | * Street Name | | 4 Street Suffix | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

☐ Crash Occurred on a Private Drive or Road/Private Property/Parking Lot

☐ Toll Road/ Toll Lane

Speed Limit 70

Const. Zone ☐ Yes ☒ No

Workers Present ☐ Yes ☒ No

Street Desc.

### INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER

| At Int. | ☐ Yes ☒ No | 1 Rdwy. Sys. | | Hwy. Num. | | 2. Rdwy. Part | | Block Num. | | 3 Street Prefix | | Street Name | | 4 Street Suffix | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| Distance from Int. or Ref. Marker | 0.2 | ☐ FT ☒ MI | 3 Dir. from Int. or Ref. Marker | W | Reference Marker | 102 | Street Desc. | | RRX Num. | |
|---|---|---|---|---|---|---|---|---|---|---|

## VEHICLE, DRIVER, & PERSONS

| Unit Num. | 1 | 5 Unit Desc. | 1 | ☐ Parked Vehicle | ☐ Hit and Run | LP State | IN | LP Num. | 960695 | VIN | 3 A K J H D R 2 J S J Y 4 5 8 |
|---|---|---|---|---|---|---|---|---|---|---|---|

| Veh. Year | 2 0 1 8 | 6. Veh. Color | WHI | Veh. Make | FREIGHTLINER | Veh. Model | CASCADIA 126 | 7 Body Style | TT | ☐ Pol, Fire, EMS on Emergency (Explain in Narrative if checked) |
|---|---|---|---|---|---|---|---|---|---|---|

| 8 DL/ID Type | 2 | DL/ID State | CA | DL/ID Num. | E2257084 | 9 DL Class | 98 | 10 CDL End. | T,X | 11 DL Rest. | 98 | DOB (MM/DD/YYYY) | 0 4 / 2 1 / 1 9 6 7 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Address (Street, City, State, ZIP) 17 Carriage DR Foothill Rnch, CA 92610

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | Singh, Gurcharan | A | 52 | 98 | 1 | 1 | 1 | 1 | 97 | N | 96 | | 96 | 97 | 97 |
| 2 | 2 | 13 | Juarez, Fidadelfo Cebreros | B | 56 | H | 1 | 1 | 96 | 1 | 97 | N | Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit. | | | | |

☐ Owner
☒ Lessee

Owner/Lessee Name & Address  Fedex Ground Package System Inc, 1000 Fedex DR Moon Township, PA 15108

| Proof of Fin. Resp. | ☒ Yes ☐ No | ☐ Expired ☐ Exempt | 26 Fin. Resp. Type | 2 | Fin. Resp. Name | Protective Insurance Company | Fin. Resp. Num. | B-7605 |
|---|---|---|---|---|---|---|---|---|

| Fin. Resp. Phone Num. | (317) 636-9800 | 27 Vehicle Damage Rating 1 | | 27 Vehicle Damage Rating 2 | | Vehicle Inventoried | ☐ Yes ☒ No |
|---|---|---|---|---|---|---|---|

| Towed By | A & A Towing  (915) 369-4143 | Towed To | 806 E Broadway Van Horn, TX 79855 |
|---|---|---|---|

| Unit Num. | 2 | 5 Unit Desc. | 6 | ☐ Parked Vehicle | ☐ Hit and Run | LP State | IN | LP Num. | P443365 | VIN | 3 H 3 V 2 8 1 C 4 G T 5 3 0 2 9 8 |
|---|---|---|---|---|---|---|---|---|---|---|---|

| Veh. Year | 2 0 1 6 | 6. Veh. Color | WHI | Veh. Make | HYUNDAI TRANSLEAD TRAILERS | Veh. Model | UNKNOWN | 7 Body Style | TL | ☐ Pol, Fire, EMS on Emergency (Explain in Narrative if checked) |
|---|---|---|---|---|---|---|---|---|---|---|

| 8 DL/ID Type | | DL/ID State | | DL/ID Num. | | 9 DL Class | | 10 CDL End. | | 11 DL Rest. | | DOB (MM/DD/YYYY) | / / |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Address (Street, City, State, ZIP)

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit. | | | | |

☐ Owner
☒ Lessee

Owner/Lessee Name & Address  Fedex Ground Package System Inc, 1000 Fedex DR Moon Township, PA 15108

Copy from Custodial File

| Proof of Fin. Resp. | ☒ Yes ☐ No | ☐ Expired ☐ Exempt | 26 Fin. Resp. Type | 2 | Fin. Resp. Name | Protective Insurance Company | Fin. Resp. Num. | B-7605 |
|---|---|---|---|---|---|---|---|---|

| Fin. Resp. Phone Num. | (317) 636-9800 | 27 Vehicle Damage Rating 1 | | 27 Vehicle Damage Rating 2 | | Vehicle Inventoried | ☐ Yes ☒ No |
|---|---|---|---|---|---|---|---|

| Towed By | A & A Towing  (915) 369-4143 | Towed To | 806 E Broadway Van Horn, TX 79855 |
|---|---|---|---|

Document Number: 92-0005

Law Enforcement and TxDOT Use ONLY.
Form CR-3 (Rev. 1/1/2018)

Case ID

TxDOT Crash ID 17342881 1/2019502540

Page 2 of 6

Case 3:20-cv-00312-KC Document 1-1 Filed 10/28/20 Page 42 of 58

## DISPOSITION OF INJURED/KILLED

| Unit Num. | Prsn. Num. | Taken To | | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HR:MM) |
|---|---|---|---|---|---|---|
| 1 | 1 | Culberson Hospital | Van Horn, TX | Fort Hancock EMS | | |
| 1 | 2 | Culberson Hospital | Van Horn, TX | Fort Hancock EMS | | |

## CHARGES

| Unit Num. | Prsn. Num. | Charge | Citation/Reference Num. |
|---|---|---|---|
| | | | |

## DAMAGE

| Damaged Property Other Than Vehicles | Owner's Name | Owner's Address |
|---|---|---|
| | | |

## CMV

Unit Num. 1 | [X] 10,001+ LBS. | [ ] TRANSPORTING HAZARDOUS MATERIAL | [ ] 9+ CAPACITY | CMV Disabling Damage? [ ] Yes [X] No | 28 Veh. Oper. 1 | 29 Carrier ID Type 1 | Carrier ID Num. 00265752

Carrier's Corp. Name Fedex Ground Package System Inc | Carrier's Primary Addr. 1000 Fedex DR Moon Township, PA 15108 | 30 Veh. Type 10

31 Bus Type 0 | [X] RGVW [ ] GVWR 8 0 0 0 0 | HazMat Released [ ] Yes [ ] No | 32 HazMat Class Num. | HazMat ID Num. | 32 HazMat Class Num. | HazMat ID Num. | 33 Cargo Body Type 3

Unit Num. 2 | [X] RGVW [ ] GVWR | 34 Trlr. Type 2 | CMV Disabling Damage? [X] Yes [ ] No | Unit Num. 3 | [X] RGVW [ ] GVWR | 34 Trlr. Type 1 | CMV Disabling Damage? [X] Yes [ ] No

Sequence Of Events 13 | 35 Seq. 1 | 35 Seq. 2 | 35 Seq. 3 | 35 Seq. 4 | Intermodal Shipping Container Permit [ ] Yes [X] No | Actual Gross Weight | Total Num. Axles

## FACTORS & CONDITIONS

| | 36 Contributing Factors (Investigator's Opinion) | | 37 Vehicle Defects (Investigator's Opinion) | | Environmental and Roadway Conditions | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Unit # | Contributing | May Have Contrib. | Contributing | May Have Contrib. | 38 Weather Cond. | 39 Light Cond. | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control |
| | | | | | 1 | 1 | 97 | 3 | 3 | 1 | 10 |

## NARRATIVE AND DIAGRAM

**Investigator's Narrative Opinion of What Happened**
(Attach Additional Sheets if Necessary)

Unit 1 towing Units 2 and 3 were traveling E on the right lane of Interstate-10 at approximately mile marker 102. Unit 4 towing Units 5 and 6 were traveling E behind Unit 3 on the right lane of Interstate-10 at approximately mile marker 102. Unit 4 failed to control speed and struck Unit 3 with front end distributed. Unit 4 then became engulfed in flames causing Units 3, 5 and 6 to receive fire damage. Unit 3 struck Unit 2 and received back end distributed damage. Units 4, 5 and 6 came to rest upright on the right lane of Interstate-10 E, facing E and inoperable. Units 2 and 3 came to rest upright across the right and left lanes of Interstate-10 E, facing NE and inoperable. Unit 1 was detached from Unit 2 and moved to the improved shoulder of Interstate-10 E. Unit 1 did not receive damage.

Field Diagram - Not to Scale



Document Number: 92653005 - Page 13

## INVESTIGATOR

| Time Notified (24HR:MM) 1 6 5 5 | How Notified Hudspeth County Comm | Time Arrived (24HRMM) 1 7 0 4 | Report Date (MM/DD/YYYY) 09 / 30 / 2019 |
|---|---|---|---|

Invest. Comp. [ ] Yes [X] No | Investigator Name (Printed) Torres, Abdiel | ID Num. 14528

ORI Num. | *Agency DEPARTMENT OF PUBLIC SAFETY, STATE OF TEXAS | Service/Region/DA H P 4 B 0 4

Copy from Custodial File

☒ FATAL ☐ CMV ☐ SCHOOL BUS ☐ RAILROAD ☐ MAB ☐ SUPPLEMENT ☐ ACTIVE SCHOOL ZONE

Total Num Inj 3   Total Num Killed 4

**Texas Peace Officer's Crash Report (Form CR-3 1/1/2018)**

Mail to: Texas Department of Transportation, Crash Data and Analysis, P.O. Box 149349, Austin, TX 78714.  Questions? Call 844/274-7457
Refer to Attached Code Sheet for Numbered Fields

*=These fields are required on all additional sheets submitted for this crash (ex.: additional vehicles, occupants, injured, etc.).

Page _3_ of _6_

## IDENTIFICATION & LOCATION

*Crash Date (MM/DD/YYYY): 09/27/2019   *Crash Time (24HRMM): 1650   Case: ____   Local Use: ____

*County Name: HUDSPETH   *City Name: ____   ☒ Outside City Limit

In your opinion, did this crash result in at least $1,000 damage to any one person's property? ☒ Yes ☐ No

Latitude (decimal degrees): 3 1 . * 0 0 1

Longitude (decimal degrees): 1 0 . * 4 4 1 5 6

### ROAD ON WHICH CRASH OCCURRED

*1 Rdwy. Sys.: IH   *Hwy. Num.: 10   2 Rdwy. Part: 1   Block Num.: ____   3 Street Prefix: ____   * Street Name: ____   4 Street Suffix: ____

☐ Crash Occurred on a Private Drive or Road/Private Property/Parking Lot   ☐ Toll Road/Toll Lane   Speed Limit: 70   Const. Zone: ☐ Yes ☒ No   Workers Present: ☐ Yes ☒ No   Street Desc.: ____

### INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER

At Int.: ☐ Yes ☒ No   1 Rdwy. Sys.: ____   Hwy. Num.: ____   2. Rdwy. Part: ____   Block Num.: ____   3 Street Prefix: ____   Street Name: ____   4 Street Suffix: ____

Distance from Int. or Ref. Marker: 0.2   ☐ FT ☒ MI   3 Dir. from Int. or Ref. Marker: W   Reference Marker: 102   Street Desc.: ____   RRX Num.: ____

## VEHICLE, DRIVER, & PERSONS

Unit Num.: 3   5 Unit Desc.: 6   ☐ Parked Vehicle   ☐ Hit and Run   LP State: UN   LP Num.: ____   VIN: ____

Veh. Year: ____   6. Veh. Color: WHI   Veh. Make: UNKNOWN   Veh. Model: UNKNOWN   7 Body Style: TL   ☐ Pol., Fire, EMS on Emergency (Explain in Narrative if checked)

8 DL/ID Type: ____   DL/ID State: ____   DL/ID Num.: ____   9 DL Class: ____   10 CDL End.: ____   11 DL Rest.: ____   DOB (MM/DD/YYYY): __/__/__

Address (Street, City, State, ZIP): ____

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle — Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

☐ Owner ☒ Lessee   Owner/Lessee Name & Address: Fedex Ground Package System Inc, 1000 Fedex DR Moon Township, PA 15108

Proof of Fin. Resp.: ☒ Yes ☐ No   ☐ Expired ☐ Exempt   26 Fin. Resp. Type 2   Fin. Resp. Name: Protective Insurance Company   Fin. Resp. Num.: B-7605

Fin. Resp. Phone Num.: (317) 636-9800   27 Vehicle Damage Rating 1: V B - 7   27 Vehicle Damage Rating 2: ____   Vehicle Inventoried: ☐ Yes ☒ No

Towed By: A & A Towing (915) 369-4143   Towed To: 806 E Broadway Van Horn, TX 79855

---

Unit Num.: 4   5 Unit Desc.: 1   ☐ Parked Vehicle   ☐ Hit and Run   LP State: NC   LP Num.: NH4665   VIN: 3HSDZAPR1KN5557

Veh. Year: 2019   6. Veh. Color: 99   Veh. Make: INTERNATIONAL   Veh. Model: LT625   7 Body Style: TT   ☐ Pol., Fire, EMS on Emergency (Explain in Narrative if checked)

8 DL/ID Type: 2   DL/ID State: TX   DL/ID Num.: 03728021   9 DL Class: A   10 CDL End.: N,T,H   11 DL Rest.: P27,A   DOB (MM/DD/YYYY): 06/21/1977

Address (Street, City, State, ZIP): 218 Summit Ridge CT Springtown, TX 76082

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle — Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | Regan, Deborah Driggars | K | 62 | W | 2 | 1 | 99 | 99 | 99 | N | 96 | | 96 | 97 | 97 |
| 2 | 2 | 99 | Huey, Terry Dexter | K | 64 | W | 1 | 1 | 99 | 99 | 97 | N | | | | | |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

☐ Owner ☒ Lessee   Owner/Lessee Name & Address: Estes Express Lines, 3901 W Broad ST Richmond, VA 23230

Proof of Fin. Resp.: ☒ Yes ☐ No   ☐ Expired ☐ Exempt   26 Fin. Resp. Type 2   Fin. Resp. Name: National Union Fire Insurance Company   Fin. Resp. Num.: 7742246

Fin. Resp. Phone Num.: (888) 609-7046   27 Vehicle Damage Rating 1: V B - 2   27 Vehicle Damage Rating 2: ____   Vehicle Inventoried: ☐ Yes ☒ No

Towed By: A & A Towing (915) 369-4143   Towed To: 806 E Broadway Van Horn, TX 79855

Copy from Custodial File

Case 3.20-cv-00312-KC Document 1-1 Filed 10/23/20 Page 44 of 58

## DISPOSITION OF INJURED/KILLED

| Unit Num. | Prsn. Num. | Taken To | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HR:MM) |
|---|---|---|---|---|---|
| 4 | 1 | Legacy Mortuary Services   El Paso, TX | Legacy Mortuary Services | 09/27/2019 | 1 8 2 3 |
| 4 | 2 | Legacy Mortuary Services   El Paso, TX | Legacy Mortuary Services | 09/27/2019 | 1 8 2 3 |

## CHARGES

| Unit Num. | Prsn. Num. | Charge | Citation/Reference Num. |
|---|---|---|---|
| | | | |

## DAMAGE

| Damaged Property Other Than Vehicles | Owner's Name | Owner's Address |
|---|---|---|
| | | |

## CMV

Unit Num. 4  [x] 10,001+ LBS.  [ ] TRANSPORTING HAZARDOUS MATERIAL  [ ] 9+ CAPACITY  CMV Disabling Damage? [x] Yes [ ] No  28 Veh. Oper. 1  29 Carrier ID Type 1  Carrier ID Num. 00121018

Carrier's Corp. Name Estes Express Lines  Carrier's Primary Addr. 3901 W Broad ST Richmond, VA 23230  30 Veh. Type 10

31 Bus Type 0  [x] RGVW [ ] GVWR 8 0 0 0 0  HazMat Released [ ] Yes [ ] No  32 HazMat Class Num.  HazMat ID Num.  32 HazMat Class Num.  HazMat ID Num.  33 Cargo Body Type 3

Unit Num. 5  [x] RGVW [ ] GVWR 0  34 Trlr. Type 2  CMV Disabling Damage? [ ] Yes [ ] No  Unit Num. 6  [x] RGVW [ ] GVWR 0  34 Trlr. Type 1  CMV Disabling Damage? [x] Yes [ ] No

Sequence Of Events  35 Seq. 1 13  35 Seq. 2  35 Seq. 3  35 Seq. 4  Intermodal Shipping Container Permit [ ] Yes [x] No  Actual Gross Weight  Total Num. Axles

## FACTORS & CONDITIONS

| | 36 Contributing Factors (Investigator's Opinion) | | 37 Vehicle Defects (Investigator's Opinion) | | Environmental and Roadway Conditions | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Unit # | Contributing | May Have Contrib. | Contributing | May Have Contrib. | 38 Weather Cond. | 39 Light Cond. | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control |
| 4 | 22 | | | | | | | | | | |

## NARRATIVE AND DIAGRAM

Investigator's Narrative Opinion of What Happened (Attach Additional Sheets if Necessary)

Field Diagram - Not to Scale

Document Number: 92653005 - Page 6 of 8

Copy from Custodial File

## INVESTIGATOR

Time Notified (24HR:MM) 1 6 5 5  How Notified Hudspeth County Comm  Time Arrived (24HRMM) 1 7 0 4  Report Date (MM/DD/YYYY) 09/30/2019

Invest. Comp. [ ] Yes [x] No  Investigator Name (Printed) Torres, Abdiel  ID Num. 14528

ORI Num.  *Agency DEPARTMENT OF PUBLIC SAFETY, STATE OF TEXAS  Service/Region/DA H P 4 B 0 4

Law Enforcement and TxDOT Use ONLY

☒ FATAL ☒ CMV ☐ SCHOOL BUS ☐ RAILROAD ☐ IMAB ☐ SUPPLEMENT ☐ ACTIVE SCHOOL ZONE

| Total Num Inj | 5 | Total Num Kill | 4 | TxDOT Crash ID | 17342881.1 /2019502540 |

**Texas Peace Officer's Crash Report (Form CR-3 1/1/2018)**

Mail to: Texas Department of Transportation, Crash Data and Analysis, P.O. Box 149349, Austin, TX 78714. Questions? Call 844/274-7457
Refer to Attached Code Sheet for Numbered Fields

*=These fields are required on all additional sheets submitted for this crash (ex.: additional vehicles, occupants, injured, etc.)

Page _5_ of _6_

**IDENTIFICATION & LOCATION**

| *Crash Date (MM/DD/YYYY) | 0 9 / 2 7 / 2 0 1 9 | *Crash Time (24HRMM) | 1 6 5 0 | Case ID | | Local Use | |

| *County Name | HUDSPETH | *City Name | | | ☒ Outside City Limit |

In your opinion, did this crash result in at least $1,000 damage to any one person's property? ☒ Yes ☐ No | Latitude (decimal degrees) 3 1 . 0 1 0 0 1 | Longitude — (decimal degrees) 1 0 5 . 4 4 1 4 5 6

**ROAD ON WHICH CRASH OCCURRED**

| *1 Rdwy. Sys. | IH | *Hwy. Num. | 10 | 2 Rdwy. Part | 1 | Block Num. | | 3 Street Prefix | | *Street Name | | 4 Street Suffix |

☐ Crash Occurred on a Private Drive or Road/Private Property/Parking Lot | ☐ Toll Road/ Toll Lane | Speed Limit 70 | Const. Zone ☐ Yes ☒ No | Workers Present ☐ Yes ☒ No | Street Desc.

**INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER**

| At Int. | ☐ Yes ☒ No | 1 Rdwy. Sys. | | Hwy. Num. | | 2. Rdwy. Part | | Block Num. | | 3 Street Prefix | | Street Name | | 4 Street Suffix |

| Distance from Int. or Ref. Marker | 0.2 | ☐ FT ☒ MI | 3 Dir. from Int. or Ref. Marker | W | Reference Marker 102 | Street Desc. | | RRX Num. |

**VEHICLE, DRIVER, & PERSONS**

| Unit Num. | 5 | 5 Unit Desc. | 6 | ☐ Parked Vehicle | ☐ Hit and Run | LP State TN | LP Num. T719163 | VIN 1 G R A A 5 6 1 X 5 K 2 | |

| Veh. Year | 2 0 0 5 | 6. Veh. Color | WHI | Veh. Make GREAT DANE TRAILERS | Veh. Model UNKNOWN | 7 Body Style | TL | ☐ Pol., Fire, EMS on Emergency (Explain in Narrative if checked) |

| 8 DL/ID Type | | DL/ID State | | DL/ID Num. | | 9 DL Class | | 10 CDL End. | | 11 DL Rest. | | DOB (MM/DD/YYYY) / / |

Address (Street, City, State, ZIP)

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle — Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | | |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

☐ Owner ☒ Lessee | Owner/Lessee Name & Address Estes Express Lines, 3901 W Broad ST Richmond, VA 23230

| Proof of Fin. Resp. | ☒ Yes ☐ No | ☐ Expired ☐ Exempt | 26 Fin. Resp. Type 2 | Fin. Resp. Name National Union Fire Insurance Company | Fin. Resp. Num. 7742246 |

| Fin. Resp. Phone Num. (888) 609-7046 | 27 Vehicle Damage Rating 1 - V B - 7 | 27 Vehicle Damage Rating 2 | Vehicle Inventoried ☐ Yes ☒ No |

Towed By A & A Towing (915) 369-4143 | Towed To 806 E Broadway Van Horn, TX 79855

**VEHICLE, DRIVER & PERSONS**

| Unit Num. | 6 | 5 Unit Desc. | 6 | ☐ Parked Vehicle | ☐ Hit and Run | LP State TN | LP Num. 993800 | VIN 1 G R A A 5 6 1 8 7 K 2 8 2 4 8 | |

| Veh. Year | 2 0 0 7 | 6. Veh. Color | WHI | Veh. Make GREAT DANE TRAILERS | Veh. Model UNKNOWN | 7 Body Style | TL | ☐ Pol., Fire, EMS on Emergency (Explain in Narrative if checked) |

| 8 DL/ID Type | | DL/ID State | | DL/ID Num. | | 9 DL Class | | 10 CDL End. | | 11 DL Rest. | | DOB (MM/DD/YYYY) / / |

Address (Street, City, State, ZIP)

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle — Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | | |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

☐ Owner ☒ Lessee | Owner/Lessee Name & Address Estes Express Lines, 3901 W Broad ST Richmond, VA 23230

| Proof of Fin. Resp. | ☒ Yes ☐ No | ☐ Expired ☐ Exempt | 26 Fin. Resp. Type 2 | Fin. Resp. Name National Union Fire Insurance Company | Fin. Resp. Num. 7742246 |

| Fin. Resp. Phone Num. (888) 609-7046 | 27 Vehicle Damage Rating 1 - V B - 7 | 27 Vehicle Damage Rating 2 | Vehicle Inventoried ☐ Yes ☒ No |

Towed By A & A Towing (915) 369-4143 | Towed To 806 E Broadway Van Horn, TX 79855

Copy from Custodial File

Document Number: 92 Page 5 of 5

Law Enforcement and TxDOT Use ONLY.
Form CR-3 (Rev. 1/1/2018)

Case ID

TxDOT Crash ID 17342881 1/2019502540

Page 6 of 6

Case 3.20-cv-00312-KC Document 1-1 Filed 10/23/20 Page 46 of 58

## DISPOSITION OF INJURED/KILLED

| Unit Num. | Prsn. Num. | Taken To | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HR:MM) |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

## CHARGES

| Unit Num. | Prsn. Num. | Charge | Citation/Reference Num. |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

## DAMAGE

| Damaged Property Other Than Vehicles | Owner's Name | Owner's Address |
|---|---|---|
| | | |

## CMV

| Unit Num. | ☐ 10,001+ LBS. | ☐ TRANSPORTING HAZARDOUS MATERIAL | ☐ 9+ CAPACITY | CMV Disabling Damage? ☐ Yes ☐ No | 28 Veh. Oper. | 29 Carrier ID Type | Carrier ID Num. |

Carrier's Corp. Name

Carrier's Primary Addr.

30 Veh. Type

| 31 Bus Type | ☐ RGVW ☐ GVWR | HazMat Released ☐ Yes ☐ No | 32 HazMat Class Num. | HazMat ID Num. | 32 HazMat Class Num. | HazMat ID Num. | 33 Cargo Body Type |

| Unit Num. | ☐ RGVW ☐ GVWR | 34 Trlr. Type | CMV Disabling Damage? ☐ Yes ☐ No | Unit Num. | ☐ RGVW ☐ GVWR | 34 Trlr. Type | CMV Disabling Damage? ☐ Yes ☐ No |

| Sequence Of Events | 35 Seq. 1 | 35 Seq. 2 | 35 Seq. 3 | 35 Seq. 4 | Intermodal Shipping Container Permit ☐ Yes ☐ No | Actual Gross Weight | Total Num. Axles |

## FACTORS & CONDITIONS

| 36 Contributing Factors (Investigator's Opinion) | | 37 Vehicle Defects (Investigator's Opinion) | | Environmental and Roadway Conditions | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Unit # | Contributing | May Have Contrib. | Contributing | May Have Contrib. | 38 Weather Cond. | 39 Light Cond. | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control |
| | | | | | | | | | | |
| | | | | | | | | | | |

## NARRATIVE AND DIAGRAM

Investigator's Narrative Opinion of What Happened
(Attach Additional Sheets if Necessary)

Field Diagram - Not to Scale

Document Number: 92653005 - Page 8 of 8

Copy from Custodial File

## INVESTIGATOR

| Time Notified (24HR:MM) 1 6 5 5 | How Notified Hudspeth County Comm | Time Arrived (24HRMM) 1 7 0 4 | Report Date (MM/DD/YYYY) 09/30/2019 |
|---|---|---|---|

Invest. Comp. ☐ Yes ☒ No

Investigator Name (Printed) Torres, Abdiel

ID Num. 14528

ORI Num.

*Agency DEPARTMENT OF PUBLIC SAFETY, STATE OF TEXAS

Service/Region/DA H P 4 B 0 4



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   October 21, 2020

Certified Document Number:        92653005 Total Pages:  8

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# EXHIBIT C

Certified Document Number:9265306 - Page 1 of 3

CAUSE NO. 2020-60502

| | | |
|---|---|---|
| CONNELL WEST TRUCKING CO., | § | IN THE DISTRICT COURT OF |
| INC., FIDADELFO JUAREZ and | § | |
| GUCHARAN SINGH, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ESTES EXPRESS LINES and | § | |
| CAROLYN DRIGGARS as | § | |
| Representative of the Estate of | § | |
| DEBORAH REGAN, | § | |
| | § | |
| Defendants. | § | 215TH JUDICIAL DISTRICT |

## <u>UNSWORN DECLARATION UNDER § 132.001</u>
## <u>TEXAS CIVIL PRACTICE AND REMEDIES CODE</u>

1.      "My name is Janice Beacham, my date of birth is April 17, 1965, and my business address with Estes Express Lines is 3901 West Broad Street, Richmond, Virginia 23230. I declare under penalty of perjury that the foregoing is true and correct to the best of declarant's personal knowledge. I am over the age of eighteen (18) years, am of sound mind, and am fully competent in all respects to make this Affidavit. I have acquired personal knowledge of the statements contained by this affidavit by way of my position with Estes Express Lines as Director Risk Management for 24 years.

2.      Estes Express Lines (Estes Express) maintains a terminal (Houston Terminal) located in Houston, Texas in Harris County, at 7345 Roundhouse Lane, Houston, Texas 77078. The Terminal Manager's name is Tony Oha (Oha). Oha is not an executive or high-level officer of Estes Express. Oha does have some managerial authority regarding the daily operations of the Houston Terminal, but Oha remains under the direction of and is subordinate to the high-level officers who are located at Estes Express's corporate offices located in Richmond, Virginia. As a Terminal Manager, Oha does not have decision making authority regarding the overall daily operations of Estes Express. None of the employees within the Houston Terminal have decision making authority regarding the overall daily operations of Estes Express.

3.      The high-level officers and executives of Estes Express are all located at Estes Express's corporate headquarters (principle offices) located in Richmond, Virginia. These high-level officers include the Chief Executive Officer (Robey E. Estes Jr.), Chief Financial Officer and Executive Vice President (Stephen E. Hupp), Treasurer (Kelly L. Samuel), Vice Presidents (Robert W. Speight and Patricia A. Garland). The other high-level directors and officers of Estes Express are all located at Estes Express's corporate headquarters which are all located in Richmond, Virginia.

4.      The high-level officers and executives of Estes Express located at the corporate offices in Richmond, Virginia are the decision makers who have the authority to control and dictate the overall daily operations and corporate affairs of Estes Express. These high-level officers and executives oversee the operations of Estes Express's terminals nationwide which includes the Houston Terminal. Estes Express does not maintain any corporate headquarters or principle offices in the State of Texas.

Further Declarant Sayeth Not.

Executed in City of Richmond, Virginia on October 15, 2020.

/s/

Declarant – Janice Beacham"



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 21, 2020

Certified Document Number:        92653006 Total Pages:  3

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

10/15/2020 6:17 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 47241545
By: Iliana Perez
Filed: 10/15/2020 6:17 PM

CAUSE NO. 2020-60502

| | | |
|---|---|---|
| CONNELL WEST TRUCKING CO., INC., FIDADELFO JUAREZ and GUCHARAN SINGH, | § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| ESTES EXPRESS LINES and CAROLYN DRIGGARS as Representative of the Estate of DEBORAH REGAN, | § § § § § | |
| Defendants. | § § | 215TH JUDICIAL DISTRICT |

**SUBJECT TO ITS MOTION TO TRANSFER VENUE TO HUDSPETH COUNTY, TEXAS DEFENDANT'S, ESTES EXPRESS LINES, ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION, AFFIRMATIVE DEFENSES, AND SPECIAL EXCEPTIONS**

TO THE HONORABLE JUDGE OF SAID COURT:

*Subject to its Motion to Transfer Venue to Hudspeth County, Texas*, Defendant, Estes Express Lines ("Defendant"), in the above-styled and numbered cause, files this, its Original Answer to Plaintiffs' Original Petition and Affirmative Defenses. In support thereof, Defendant respectfully shows as follows.

**A.    General Denial**

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations contained in Plaintiffs' Original Petition (including all subsequently filed amended and/or supplemental petitions), and respectfully requests that Plaintiffs be required to prove their claims by a preponderance of the credible evidence as required by Texas law.

**B.    Defendant's Affirmative Defenses**

Pursuant to Texas Rule of Civil Procedure 94, Defendant asserts the following affirmative defenses against Plaintiffs' claims and causes of action:

Certified Document Number: 92654165 - Page 1 of 6

1

1.      In the alternative and without waiving the foregoing, in the event additional defendants are joined, Defendant affirmatively alleges that in accordance with Section 33.013 of the Texas Civil Practice & Remedies Code, Defendant may not be held jointly and severally liable for any amount of damages claimed herein unless the percentage of responsibility of Defendant, when compared with that of each responsible party, settling person, and responsible third party, is greater than fifty percent (50%).

2.      In the alternative and without waiving the foregoing, in the event Plaintiffs settle with any party who may be responsible, in whole or in part, for any of the alleged injuries and/or damages, Defendant pleads its entitlement to have such person designated as a settling person under TEX. CIV. PRAC. & REM. CODE §33.003.

3.      In the alternative and without waiving the foregoing, Defendant asserts that in the event it is found liable, Defendant is entitled to full indemnity and/or contribution and/or credit from all parties or settling persons or defendants as provided in Chapter 33 of the Texas Civil Practice and Remedies Code.

4.      In the alternative and without waiving the foregoing, to the extent that any claim or portion thereof asserted by Plaintiffs are derivative of any other claim, Defendant asserts all affirmative defenses listed herein against both the dominant claim and the derivative claim.

5.      In the alternative and without waiving the foregoing, Defendant asserts that in the event of recovery of damages from this Defendant in this case, any award of pre- and/or post judgment interest is limited by the provisions of §§ 304.103, 304.1045, and 304.003, Texas Finance Code.

6.      As further affirmative defense herein, and to the extent necessary (and without waiving the foregoing and/or in the alternative), Defendant asserts that in the event an award of

damages is made to Plaintiffs, Defendant is entitled to such reduction as required by Section 18.091, Texas Civil Practices and Remedies Code, which states as follows: "Notwithstanding any other law, if any claimant seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, or loss of inheritance, evidence to prove the loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law." TEX. CIV. PRAC. & REM. CODE § 18.091.  Further, in the event that Plaintiffs fail to satisfy the evidentiary standards of section 18.091, Texas Civil Practice and Remedies Code, Plaintiffs are barred from recovering any damages in this suit.

7.      As further affirmative defense herein, and to the extent necessary (and without waiving the foregoing and/or in the alternative), Defendant asserts that in the event an award of damages is made to Plaintiffs, Defendant is entitled to such reductions as required by § 41.0105 of the Texas Civil Practice & Remedies Code, which states as follows: "In addition to any other limitation under law, recovery of medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of the claimant." TEX. CIV. PRAC. & REM. CODE § 41.0105.  Consequently, Defendant would show Plaintiffs are only entitled to medical expenses actually paid to or incurred as a result of treatment provided by their healthcare provider(s), and not the amount(s) initially charged by their medical provider(s), and/or amounts written-off and adjusted for which Plaintiffs are not responsible.

8.      In the alternative and without waiving the foregoing, with respect to Plaintiffs' claims for punitive or exemplary damages, Defendant alleges as follows:

      a.      Plaintiffs may not be awarded exemplary damages unless they establish by clear and convincing evidence that Defendant acted with gross neglect, which Defendant denies. TEX. CIV. PRAC. & REM. CODE § 41.003.

      b.      Defendant insists that in the unlikely event any claim for recovery of punitive damages is submitted to the jury, that in accordance with TEX. CIV.

Certified Document Number: 92654165 - Page 3 of 6

Certified Document Number: 92654165 - Page 4 of 6

PRAC. & REM. CODE § 41.003(d) and (3), the Charge of the Court instruct the jury that any finding of "liability for and amount of exemplary damages" must be unanimous.

c.      In the unlikely event of any exemplary damage award, Defendant further invokes the provisions of TEX. CIV. PRAC. & REM. CODE § 41.008 limiting any award of exemplary damages to either $200,000 or two times the amount of "economic damages," as defined by statute, plus an amount equal to any non-economic damages found by the jury, but not to exceed $750,000.

9.      In the alternative, and without waiving the foregoing, Plaintiff Connell West Trucking Co., Inc.'s (Plaintiff-CWTC) property damage claims based on loss of use are barred, in whole or in part to the extent Plaintiff-CWTC failed to reasonably mitigate its damages and/or avoid consequences as a reasonably prudent person would have done under the same or similar facts or circumstances. "A plaintiff may not recover loss of-use damages for a period longer than that reasonably needed to replace the personal property." *See J&D Towing, LLC v. Am. Alternative Ins. Corp.*, 478 S.W.3d 649, 677 (Tex. 2016).

10.     In the alternative and without waiving the foregoing, Defendant affirmatively asserts that Plaintiff-CWTC's damage claim to recover for "business related losses" is not a cognizable category of damages in Texas, and is not a recognized measure of damages under Texas law.

## C.      Defendant's Special Exceptions to Plaintiffs' Petition--Plaintiffs' Maximum Damages

1.      Plaintiffs have failed to state the maximum amount of their claimed damages. Defendant specially excepts to Plaintiffs' Petition pursuant to TEX. R. CIV. P. 47 and asks that Plaintiffs be required to replead and to specify the maximum amount of damages sought. *See Herrera v. Household Fin. Corp.*, No. 04-08-00134-CV, *III,* 2009 Tex. App. LEXIS 2915, at *12 (Tex. App.—San Antonio Apr. 29, 2009, no pet.) (noting that plaintiffs may initially allege that their damage claims are within jurisdictional limits, but that upon special exception, Rule 47 requires them "to specify maximum amount of damages claimed").

2.      Defendant specially excepts to paragraph 4.5 of Plaintiffs' Original Petition because it seeks to recover for "business related losses" which is not a cognizable category of damages in Texas.

**D.      Right to Supplement/Amend**

Defendant reserves the right to supplement or amend this pleading at a later date.

**E.      Jury Demand**

Defendant requests a trial by jury of all issues of fact raised in this action.

**F.      Prayer**

WHEREFORE, PREMISES CONSIDERED, Defendant, Estes Express Lines respectfully requests that Plaintiffs take nothing by reason of the allegations contained in Plaintiffs' Original Petition (including any amended and/or supplemental petitions subsequently filed), and for all other relief to which Defendant may be justly entitled under law or equity.

Respectfully submitted,

RINCON LAW GROUP, P.C.
1014 N. Mesa, Suite 200
El Paso, Texas  79902
(915) 532-6800 (Telephone)
(915) 532-6808 (Facsimile)

By:   */s/ Sergio E. Chavez*
CARLOS RINCON
State Bar No. 16932700
CRincon@rinconlawgroup.com
SERGIO E. CHAVEZ
State Bar No. 24031939
SChavez@rinconlawgroup.com

Attorneys for Estes Express Lines

Certified Document Number: 92654165 - Page 5 of 6

5

## <u>CERTIFICATE OF SERVICE</u>

I certify a true and correct copy of the foregoing document was served as follows on the parties through their counsel of record on this 15th day of October 2020.

Brant J. Stogner
Jonathan D. Sneed
ABRAHAM, WATKINS, NICHOLS, SORRELS, AGOSTO, AZIZ & STOGNER
800 Commerce St.
Houston, Texas 77002-1776
(713) 222-7211 (Telephone)
(713) 225-0827 (Facsimile)
bstogner@awtxlaw.com
jsneed@awtxlaw.com

Attorneys for Plaintiffs

☒   *Via Electronic Service*
☐   *Via Facsimile Transmission*
☒   *Via E-Mail*
☐   *Via Certified Mail, RRR*
☐   *Via USPS First Class*
☐   *Via Hand Delivery*
☐   *Via Commercial Delivery Service*

 /s/ Sergio E. Chavez
SERGIO E. CHAVEZ

Certified Document Number: 9265 4165 - Page 6 of 6



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   October 21, 2020


Certified Document Number:        92654165 Total Pages:  6


Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS


**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**