IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **CONNELL WEST TRUCKING CO., INC., FIDADELFO JUAREZ, and GUCHARAN SINGH,** § § § § | |
| Plaintiffs, § | CAUSE NO. EP-20-CV-312-KC |
| § | |
| v. § | |
| § | |
| **ESTES EXPRESS LINES and CAROLYN DRIGGARS,** *as Representative of the Estate of Deborah Regan*, § § § § § | |
| Defendants.[1] § | |

### ORDER GRANTING DEFENDANT'S MOTION TO COMPEL RULE 35 EXAMINATIONS OF PLAINTIFF FIDADELFO JUAREZ

**ON THIS DAY** came for consideration "Defendant's, Estes Express Lines, Opposed Motion to Compel Physical, Mental and Vocational Examinations Under Federal Rule of Civil Procedure 35 of Plaintiff, Fidadelfo Juarez" (the "Motion"). (ECF No. 63.) The Motion was referred to the undersigned by the Honorable United States District Judge Kathleen Cardone. (Text order dated November 9, 2021.) On November 8, 2021, Plaintiffs responded in opposition to the Motion. (ECF No. 67.) Defendant replied on November 15, 2021. (ECF No. 75.) For the reasons set forth below, the Court is of the opinion that the Motion should be **GRANTED**.

---

[1] The Court notes that on August 20, 2021, Lanna Trucking, Inc. was joined as a Plaintiff. (ECF No. 51.) On October 26, 2021, Defendant Carolyn Driggars was dismissed from the case. (Text order dated October 26, 2021.) "Neither party, however, has moved . . . to amend the caption of the case. Courts typically do not make such changes *sua sponte*." *Reynolds v. Brown & Root, Inc.*, No. 1:03-CV-545, 2004 WL 3733401, at *4 n.3 (E.D. Tex. Dec. 20, 2004), *aff'd*, 170 F. App'x 297 (5th Cir. 2006). Thus, the Court retains the original case caption.

1

I.  **BACKGROUND**

The instant suit arose from an accident involving two commercial vehicles. (ECF No. 62:2–5.) As a result of the accident, Plaintiff Fidadelfo Juarez alleges injuries to his neck, upper and lower back, left leg, and right shoulder. (ECF No. 63:2.) Plaintiff Juarez also alleges he suffered a head injury during the accident that has subsequently caused him to "experience[] loss of balance and dizziness which at times caused him to fall to the ground," as well as "severe headaches and a constant noise in his head." (*Id.*) Plaintiff Juarez "has been diagnosed by his treating doctors with a closed head injury, intercranial injury, neurocognitive impairments, Post Traumatic Stress Disorder, depression and anxiety." (*Id.*) Further, Plaintiff Juarez "has not worked since the date of the Accident because of his alleged injuries" and "claims that he can no longer work as a commercial driver." (*Id.*)

Defendant now requests that Plaintiff Juarez "undergo orthopaedic physical examinations with Dr. Steven Dennis and Dr. Theodore Gregorius." (*Id.* at 3.) Defendant claims that because Plaintiff Juarez "alleg[es] injuries to multiple parts of his body," he must undergo separate examinations "with orthopaedic doctors with different specialties." (*Id.*) Thus, Defendant requests that Plaintiff Juarez undergo Dr. Dennis's examination of his neck, upper back, and lower back as well as Dr. Gregorius's examination of his left leg and right shoulder. (*Id.*) Defendant also requests a neuropsychological examination by Dr. David Lechuga to assess Plaintiff Juarez's "alleged anxiety, depression, noise in his head, and the diagnosed psychological and neurological disorders (including closed head and intercranial injuries)." (*Id.* at 11.) Defendant further requests a neurological examination by Dr. Edwin Amos to assess Plaintiff Juarez's alleged "closed head and intercranial injuries, and cognitive impairments including Mr. Juarez's alleged loss of consciousness, noise and pain to his head, migraine headaches, lost balance and dizziness." (*Id.*

at 9.) Finally, Defendant requests that Plaintiff Juarez undergo a vocational evaluation by Dr. Behnush Mortimer to assess Plaintiff Juarez's "alleged lost wages, loss of earning, vocational abilities and future employability." (*Id.* at 12.)

## II. LEGAL STANDARD

A reviewing court may order a party "to submit to a physical or mental examination by a suitably licensed or certified examiner" if the party's physical or mental condition is "in controversy" and there is "good cause" for the examination. Fed. R. Civ. P. 35(a). Courts have discretion to determine whether an examiner is suitably licensed or certified. *See* Fed. R. Civ. P. 35 advisory committee's note to 1991 amendment. Rule 35 is more strict than other discovery rules, but even so, "courts have held that Rule 35(a) should be construed liberally in favor of granting discovery." *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 196, 198 (N.D. Tex. 1995), *aff'd*, 164 F.R.D. 204 (N.D. Tex. 1996) [*Lahr I*].

A plaintiff's physical or mental condition may be placed "in controversy" either by the plaintiff "through representations made during the course of litigation" or by the defendant "by way of an asserted defense to the underlying action." *Ornelas v. S. Tire Mart, LLC*, 292 F.R.D. 388, 391 (S.D. Tex. 2013). The party moving for the Rule 35 examination may establish "good cause" by "demonstrating that the information sought is necessary, not merely relevant, and that it cannot be obtained through other means." *Fret v. Melton Truck Lines, Inc.*, No. SA-15-CV-00710-OLG, 2015 WL 13659509, at *1 (W.D. Tex. Oct. 29, 2015) (citing *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964)). One purpose of Rule 35 is to "preserve the equal footing of the parties" with respect to the assessment of a party's physical or mental condition. *Ornelas*, 292 F.R.D. at 392 (quoting *Duncan v. Upjohn*, 155 F.R.D. 23, 25 (D. Conn. 1994)). Thus, a party "may not

avoid a Rule 35 examination simply on the grounds that other sources of information, such as medical reports and depositions of [the party's] treating physicians, are available." *Id.* at 391–92.

Some courts "merg[e] the 'in controversy' and 'good cause' requirements of Rule 35 when a plaintiff claims a physical injury in a negligence action." *Stephens v. FAF, Inc.*, No. P-18-CV-006-DC-DF, 2018 WL 7288582, at *1 (W.D. Tex. June 21, 2018) (*citing Ornelas*, 292 F.R.D. at 391–92); *see Schlagenhauf*, 379 U.S. at 119 ("A plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." (citation omitted)). "A mental injury is asserted when a plaintiff alleges a permanent or ongoing mental disorder or emotional distress." *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 204, 209 (N.D. Tex. 1996) [*Lahr II*].

Further, an order compelling a Rule 35 examination "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B). "[T]he movant must produce sufficient information, by whatever means, so that the district judge can fulfill his function mandated by [Rule 35]." *Schlagenhauf*, 379 U.S. at 119.

### III.   ANALYSIS

The Court must decide whether there is good cause to grant Defendant's Motion and if so, whether Defendant has sufficiently specified the details of the proposed examinations. The Court finds that Dr. Dennis, Dr. Gregorius, Dr. Lechuga, Dr. Amos, and Dr. Mortimer are "suitably licensed or certified examiner[s]" for Rule 35 purposes. Fed. R. Civ. P. 35(a)(1); *see* (ECF Nos.

63-1:2, 63-2:4, 63-3:1–2, 63-4:1, 63-5:2.)[2] The parties do not dispute that Plaintiff Juarez's physical and mental conditions are "in controversy." *See* (ECF Nos. 63:5, 67:2.) However, Plaintiffs argue that Defendant's Motion fails to establish good cause to compel the proposed examinations. (ECF No. 67:2.) Plaintiffs also argue that Defendant's Motion "fails to specify the manner, conditions, and scope of the requested examinations." (*Id.*)[3]

First, the Court finds there is good cause to compel the proposed examinations. Defendant claims the proposed examinations are necessary for preparing its defenses, "specifically in preparation [for] Defendant['s] February 1, 2022, expert designation deadline." (ECF No. 63:6–7, 9, 11–12.) Defendant states that the examinations will establish "additional facts regarding the existence, status and extent of" Plaintiff Juarez's alleged physical injuries, mental conditions, and vocational disruptions "necessary for [each doctor] to formulate [his or her] expert opinions." (*Id.*) The Court finds Defendant's reasoning to be persuasive.

Additionally, because Plaintiff Juarez alleges his injuries resulted from Defendant's negligence, the nature of the suit warrants a finding of good cause. *See* (ECF No. 62:5–8); *Schlagenhauf*, 379 U.S. at 119. Further, Defendant notes that Plaintiff Juarez has voluntarily undergone examinations by other doctors for his alleged physical injuries. (ECF Nos. 63:6–7, 63-8:3–4.) He has also received neurological and psychological diagnoses from other doctors. (ECF No. 63:8–11.) Defendant claims there is no other way for its own retained experts to obtain an in-person examination of Plaintiff Juarez "such as his doctors have performed who have been

---

[2] The Fifth Circuit previously held that vocational rehabilitation experts are not suitably licensed or certified examiners under Rule 35. *Acosta v. Tenneco Oil Co.*, 913 F.2d 205, 209 (5th Cir. 1990). However, other courts have disagreed. *See, e.g.*, *Ornelas*, 292 F.R.D. at 393 & n.1 (holding that vocational rehabilitation experts are suitable examiners given the 1991 amendment to Rule 35); *Fischer v. Coastal Towing Inc.*, 168 F.R.D. 199, 201 (E.D. Tex. 1996).

[3] Plaintiffs also ask the Court to deny Defendant's Motion because it exceeds the ten-page limit prescribed by Local Rule CV-7. (ECF No. 67:3.) In accordance with Local Rule CV-7 and Judge Cardone's "Standing Order Regarding Civil Motion Content," the Court deems the page limit issue resolved. (Text entry dated November 12, 2021.)

designated to testify to such." (*Id.* at 6–7, 9, 11.) Out of fairness to the parties, the Court finds there is good cause to compel Plaintiff Juarez to undergo the proposed Rule 35 examinations by Dr. Dennis, Dr. Gregorius, Dr. Lechuga, Dr. Amos, and Dr. Mortimer.[4]

Next, the Court finds that Defendant has provided sufficient information to meet the Rule 35 specificity requirements. Defendant's Motion notes that both orthopaedic examinations are scheduled for December 16, 2021, in Newport Beach, CA, at 9:00 AM with Dr. Dennis and at 11:00 AM with Dr. Gregorius. (*Id.* at 3.) Dr. Lechuga's neuropsychological examination is scheduled for December 7, 2021, in Lake Forest, CA at 7:45 AM. (*Id.* at 4.) Dr. Amos's neurological examination is scheduled for December 9, 2021, in Santa Monica, CA at 2:30 PM. (*Id.*) Dr. Mortimer's vocational evaluation is scheduled for December 14, 2021, via Zoom video conference at 10:00 AM.[5] (*Id.*) Dr. Dennis's examination will last "approximately 1 hour," Dr. Gregorius's examination will last "approximately 2 hours," Dr. Lechuga's examination will last "approximately 8 hours," Dr. Amos's examination will last "approximately 2 hours," and Dr. Mortimer's evaluation will last "approximately 4-6 hours." (ECF No. 75:6–7.)[6] Each exam is to be done with the assistance of a Spanish interpreter, without audio or video recording, and without

---

[4] Plaintiffs argue that granting Defendant's Motion would not balance the parties' interests because "Plaintiff Juarez's sole treating physicians have been worker's compensation providers." (ECF No. 67:10.) The Court is not persuaded because Plaintiffs do not explain this contention and do not provide evidence of potential bias from Defendant's experts. *Cf. Eubank v. Dunn*, No. MO:19-CV-153-DC, 2020 WL 7553827, at *2 (W.D. Tex. Oct. 27, 2020).

[5] Plaintiff Juarez provided his current address as 14057 Rockrose Ct, Corona, CA 92880. (ECF No. 1:2.) The Court finds that all examination locations are sufficiently near Plaintiff Juarez's residence to be reasonable. *See* (ECF No. 63-11:1–2, 50–53); *cf. Stephens*, 2018 WL 7288582, at *2 (denying Rule 35 motion where the examination location was outside the venue boundaries and "over 500 miles" from the plaintiff's residence).

[6] Courts have found such time windows to be reasonable for Rule 35 purposes. *See, e.g., Diaz v. Con-Way Truckload, Inc.*, 279 F.R.D. 412, 425 (S.D. Tex. 2012) (approving an eight-hour window for a neuropsychological examination); *Clark v. Wal-Mart Transp. LLC*, No. 2:13-cv-02417, 2014 WL 4700258, at *2–3 (W.D. La. Sept. 22, 2014) (approving eight-hour windows for a neuropsychological exam and a functional capacity examination); *Ornelas*, 292 F.R.D. at 399 (noting how "[c]ourts have permitted drastically varying durations for [Rule 35] examinations, extending from three hours to fourteen" and "courts sometimes refuse to impose time restrictions on Rule 35 examinations for fear that an arbitrary timeline will interfere with the Rule's purpose").

the presence or involvement of defense counsel. (*Id.*)  The Court finds that Defendant has clearly identified the examiners and the time, place, and conditions of the proposed examinations.

Regarding the manner of examinations, Defendant explains that Dr. Dennis and Dr. Gregorius will each "personally conduct[] a clinical interview [and examination] based on his orthopaedic methodology." (*Id.* at 6.)  For the scope of Dr. Dennis's examination, Defendant provides a list containing what appears to be medical terms and abbreviations. *See* (ECF No. 63-1:5–7.)  For the scope of Dr. Gregorius's examination, Defendant provides the following description:

> visual inspection of the neck, shoulders, wrist, hands, fingers and lower extremities. Range of motion testing and palpatory exams of the neck, shoulders, wrists, hands, fingers and lower extremities.  Provocative and stability testing of the neck, shoulders, wrists, hands and lower extremities.  Sensory, motor and reflex testing of the neck and upper and lower extremities.  Grip strength testing of both hands.

(ECF No. 63-11:52.)

Defendant explains that Dr. Lechuga will "personally conduct[] 1/3 of the testing and [the] other 2/3 of the testing [will be] conducted by his assistant.  Dr. Lechuga personally conducts an interview based on his neuropsychological methodology." (ECF No. 75:6–7.)  For the scope of Dr. Lechuga's examination, Defendant provides a list of tests and procedures "that may be used in the typical forensic or medical legal neuropsychological examination." (ECF No. 63-3:21–22.)

Defendant explains that Dr. Amos will "personally conduct[] an interview based on his neurological methodology and personally conduct[] the neurological examination." (ECF No. 75:7.) For the scope of Dr. Amos's examination, Defendant provides descriptions of tests specific to "Mental Status," "Cranial Nerves," "Motor Examination," "Gait and Balance Examination," "Sensory Examination," and "Reflex Examination." (ECF No. 63-4:8.)

Defendant explains that Dr. Mortimer will "personally conduct[] an interview based on her vocational methodology" and "conduct[] the vocational testing which is completed by her and her certified rehabilitation counselors." (ECF No. 75:7.) For the scope of Dr. Mortimer's examination, Defendant provides the following description:

> The [independent vocational evaluation] consists of a personal interview . . . followed by the administration of a combination of standardized pen and paper tests and performance-based dexterity and work sample tests. The tests administered may include measures of the following cognitive abilities and/or aptitudes: Reasoning, Reading, Comprehensions, Vocabulary, Math, Spatial, Perceptual, Mechanical, Manual and Finger Dexterity, Motor Coordination, Personality, Vocational Interests, etc. The consultant will determine the combination of tests to be administered to the plaintiff on the basis of his/her formal education, previous work history, vocational goals, and any existing medical/physical restrictions.

(ECF No. 63-5:4.)

The Court considers Plaintiffs' contention that the scope descriptions for Dr. Dennis, Dr. Lechuga, Dr. Amos, and Dr. Mortimer are too "vague." (ECF No. 67:5–8.) Nevertheless, the Court can deduce a reasonable scope for each of the five proposed examinations based on Defendant's materials, especially given the limited duration and focus on specific bodily regions or conditions. *Cf. Eubank v. Dunn*, No. MO:19-CV-153-DC, 2020 WL 7553827, at *2 (W.D. Tex. Oct. 27, 2020) (ordering the Rule 35 movant to provide "a list of the potential tests" to be conducted to establish scope); *Ornelas*, 292 F.R.D. at 398–99 (finding a list of "potential tests that will comprise the universe of tests" to be appropriate for Rule 35 scope while noting that "the court is not a medical professional" (quoting *Newman v. San Joaquin Delta Cmty. Coll. Dist.*, 272 F.R.D. 505, 512 (E.D. Cal. 2011))). Thus, Defendant has sufficiently clarified the manner and scope of the proposed examinations.

In sum, Defendant has demonstrated good cause to compel Plaintiff Juarez to undergo the proposed Rule 35 examinations by Dr. Dennis, Dr. Gregorius, Dr. Lechuga, Dr. Amos, and Dr.

8

Mortimer. Further, Defendant has sufficiently specified the time, place, manner, scope, and conditions of the examinations. The Court incorporates those details herein.

IV. **CONCLUSION**

It is therefore **ORDERED** that Defendant's Motion is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Juarez submit to a physical examination of his neck, upper back, and lower back by Dr. Dennis, to begin at 9:00 AM on December 16, 2021, at the following location: 1501 Westcliff Drive, Suite 325, Newport Beach, CA 92660.

**IT IS FURTHER ORDERED** that Plaintiff Juarez submit to a physical examination of his left leg and right shoulder by Dr. Gregorius, to begin at 11:00 AM on December 16, 2021, at the following location: California Orthopaedic Specialists, 360 San Miguel Drive #701, Newport Beach, CA 92660.

**IT IS FURTHER ORDERED** that Plaintiff Juarez submit to a neuropsychological examination by Dr. Lechuga, to begin at 7:45 AM on December 7, 2021, at the following location: The Neurobehavioral Clinic and Counseling Center, 13 Orchard Road, Suite 103, Lake Forest, CA 92630.

**IT IS FURTHER ORDERED** that Plaintiff Juarez submit to a neurological examination by Dr. Amos, to begin at 2:30 PM on December 9, 2021, at the following location: 2021 Santa Monica Blvd., Suite 525E, Santa Monica, CA 90404.

**IT IS FURTHER ORDERED** that Plaintiff Juarez submit to a vocational evaluation by Dr. Mortimer, to begin at 10:00 AM on December 14, 2021, via Zoom video conference.

**IT IS FURTHER ORDERED** that a Spanish interpreter be provided to assist with all examinations.

**IT IS FURTHER ORDERED** that no examination be recorded by audio or video.

**IT IS FURTHER ORDERED** that counsel for neither party be present during the course of any examination.

**IT IS SO ORDERED.**

**SIGNED** this 23rd day of November, 2021.

_____
ROBERT F. CASTAÑEDA
UNITED STATES MAGISTRATE JUDGE