**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **CONNELL WEST TRUCKING CO.,** | § | |
| **INC., FIDADELFO JUAREZ, and** | § | |
| **GUCHARAN SINGH,** | § | |
| | § | |
| **Plaintiffs,** | § | **CAUSE NO. EP-20-CV-312-KC** |
| | § | |
| **v.** | § | |
| | § | |
| **ESTES EXPRESS LINES and** | § | |
| **CAROLYN DRIGGARS,** *as* | § | |
| ***Representative of the Estate of Deborah*** | § | |
| ***Regan***, | § | |
| | § | |
| **Defendants.** | § | |

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL**
**RULE 35 EXAMINATIONS OF PLAINTIFF GURCHARAN SINGH**

**ON THIS DAY** came for consideration "Defendant's, Estes Express Lines, Opposed

Motion to Compel Physical Examinations Under Federal Rule of Civil Procedure 35 of Plaintiff,

Gurcharan Singh" (the "Motion"). (ECF No. 64.)  The Motion was referred to the undersigned by

the Honorable United States District Judge Kathleen Cardone.  (Text order dated November 9,

2021.)  On November 9, 2021, Plaintiffs responded in opposition to the Motion.  (ECF No. 69.)

Defendant replied on November 15, 2021.  (ECF No. 74.)  For the reasons set forth below, the

Court is of the opinion that the Motion should be **GRANTED**.

**I.      BACKGROUND**

The instant suit arose from an accident involving two commercial vehicles.  (ECF No.

62:2–5.)  As a result of the accident, Plaintiff Gurcharan Singh alleges injuries to his neck, upper

and lower back, left hand, and both knees.  (ECF No. 64:5–7.)  Defendant now requests that

Plaintiff Singh "undergo orthopaedic physical examinations with Dr. Steven Dennis and Dr.

Theodore Gregorius." (*Id.* at 3.)  Defendant claims that because Plaintiff Singh "alleg[es] injuries

1

to multiple parts of his body," he must undergo "[s]eparate orthopaedic examinations . . . with medical doctors having different orthopaedic specialties." (*Id.*)  Thus, Defendant requests that Plaintiff Singh submit to Dr. Dennis's examination of his neck, upper back, and lower back as well as Dr. Gregorius's examination of his left knee, right knee, and left hand.  (*Id.*)

## II.    LEGAL STANDARD

A reviewing court may order a party "to submit to a physical or mental examination by a suitably licensed or certified examiner" if the party's physical or mental condition is "in controversy" and there is "good cause" for the examination.  Fed. R. Civ. P. 35(a).  Courts have discretion to determine whether an examiner is suitably licensed or certified under Rule 35.  *See* Fed. R. Civ. P. 35 advisory committee's note to 1991 amendment.  Rule 35 is more strict than other discovery rules, but even so, "courts have held that Rule 35(a) should be construed liberally in favor of granting discovery."  *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 196, 198 (N.D. Tex. 1995), *aff'd*, 164 F.R.D. 204 (N.D. Tex. 1996).

A plaintiff's physical or mental condition may be placed "in controversy" either by the plaintiff "through representations made during the course of litigation" or by the defendant "by way of an asserted defense to the underlying action."  *Ornelas v. S. Tire Mart, LLC*, 292 F.R.D. 388, 391 (S.D. Tex. 2013).  The party moving for the Rule 35 examination may establish "good cause" by "demonstrating that the information sought is necessary, not merely relevant, and that it cannot be obtained through other means."  *Fret v. Melton Truck Lines, Inc.*, No. SA-15-CV-00710-OLG, 2015 WL 13659509, at *1 (W.D. Tex. Oct. 29, 2015) (citing *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964)).  One purpose of Rule 35 is to "preserve the equal footing of the parties" with respect to the assessment of a party's physical or mental condition.  *Ornelas*, 292 F.R.D. at 392 (quoting *Duncan v. Upjohn*, 155 F.R.D. 23, 25 (D. Conn. 1994)).  Thus, a party "may not

avoid a Rule 35 examination simply on the grounds that other sources of information, such as medical reports and depositions of [the party's] treating physicians, are available." *Id.* at 391–92.

Some courts "merg[e] the 'in controversy' and 'good cause' requirements of Rule 35 when a plaintiff claims a physical injury in a negligence action." *Stephens v. FAF, Inc.*, No. P-18-CV-006-DC-DF, 2018 WL 7288582, at *1 (W.D. Tex. June 21, 2018) (*citing Ornelas*, 292 F.R.D. at 391–92); *see Schlagenhauf*, 379 U.S. at 119 ("A plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." (citation omitted)).

Further, an order compelling a Rule 35 examination "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B). "[T]he movant must produce sufficient information, by whatever means, so that the district judge can fulfill his function mandated by [Rule 35]." *Schlagenhauf*, 379 U.S. at 119.

## III.   ANALYSIS

The Court must decide whether there is good cause to grant Defendant's Motion and if so, whether Defendant has sufficiently specified the details of the proposed examinations. The Court finds that Dr. Dennis and Dr. Gregorius are "suitably licensed or certified examiner[s]" for Rule 35 purposes. Fed. R. Civ. P. 35(a)(1); *see* (ECF Nos. 64-1:2, 64-2:4.) The parties do not dispute that Plaintiff Singh's physical condition is "in controversy." *See* (ECF Nos. 64:5, 69:2.) However, Plaintiffs argue that Defendant's Motion fails to establish good cause to compel the proposed physical examinations. (ECF No. 69:2.) Plaintiffs also argue that Defendant's Motion "fails to specify the manner, conditions, and scope of the requested examinations." (*Id.*)

First, the Court finds there is good cause to compel the proposed physical examinations. Defendant claims the proposed examinations by Dr. Dennis and Dr. Gregorius are necessary for preparing its defenses, "specifically in preparation [for] Defendant['s] February 1, 2022, expert designation deadline." (ECF No. 64:6, 8.)  Defendant states that such examinations will establish "additional facts regarding the existence, status and extent of Mr. Singh's alleged injuries . . . necessary for [each doctor] to formulate his expert opinions."  (*Id.* at 6–7.)  The Court finds Defendant's reasoning to be persuasive.

Additionally, because Plaintiff Singh alleges his injuries resulted from Defendant's negligence, the nature of the suit warrants a finding of good cause.  *See* (ECF No. 62:5–8); *Schlagenhauf*, 379 U.S. at 119.  Further, Plaintiff Singh has voluntarily undergone examinations for his alleged injuries by Dr. Frank Giacobetti and his treating doctor, Dr. Olina Harwer.  (ECF No. 64:5–7.)  Defendant claims there is no other way for its own retained experts to obtain an in-person examination of Defendant Singh "such as his doctors have performed who have been designated to testify to such."  (*Id.* at 6, 8.)  Out of fairness to the parties, the Court finds there is good cause to compel Plaintiff Singh to undergo the proposed Rule 35 physical examinations.[1]

Next, the Court finds that Defendant has provided sufficient information to meet the Rule 35 specificity requirements.  Defendant's Motion notes that both examinations are scheduled for December 16, 2021, in Newport Beach, California, at 10:00 AM with Dr. Dennis and at 1:30 PM with Dr. Gregorius.  (*Id.* at 3–4.)[2]  The examination with Dr. Dennis will last "approximately 1

---

[1] Plaintiffs argue that granting Defendant's Motion would not balance the parties' interests because "Plaintiff Singh's sole treating physicians have been worker's compensation providers."  (ECF No. 69:7.)  The Court is not persuaded because Plaintiffs do not explain this contention and do not provide evidence of potential bias from Defendant's experts. *Cf. Eubank v. Dunn*, No. MO:19-CV-153-DC, 2020 WL 7553827, at *2 (W.D. Tex. Oct. 27, 2020).

[2] Plaintiff Singh provided his current address as 17 Carriage Drive, Foothill Ranch, CA 92610.  (ECF No. 64-4:9.) The Court finds that both examination locations are sufficiently near Plaintiff Singh's residence to be reasonable. (ECF No. 64-8:2, 53); *cf. Stephens*, 2018 WL 7288582, at *2 (denying Rule 35 motion where the location for the proposed examination was outside the venue boundaries and "over 500 miles" from the plaintiff's residence).

hour" and the examination with Dr. Gregorius will last "approximately 2 hours." (ECF No. 74:6.) Each exam is to be done without audio or video recording and without the presence or involvement of defense counsel. (ECF No. 64-8:51–53.) The Court finds that Defendant has clearly identified the examiners and the time, place, and conditions of the proposed examinations.

As for the manner and scope of the examinations, Defendant explains that Dr. Dennis and Dr. Gregorius will each "personally conduct[] a clinical interview [and examination] based on his orthopaedic methodology." (ECF No. 74:6.) Regarding the scope of Dr. Dennis's examination, Defendant provides a list containing what appears to be medical terms and abbreviations. *See* (ECF No. 64-1:5–7.) Regarding the scope of Dr. Gregorius's examination, Defendant provides the following description:

> visual inspection of the neck, shoulders, wrist, hands, fingers and lower extremities. Range of motion testing and palpatory exams of the neck, shoulders, wrists, hands, fingers and lower extremities. Provocative and stability testing of the neck, shoulders, wrists, hands and lower extremities. Sensory, motor and reflex testing of the neck and upper and lower extremities. Grip strength testing of both hands.

(ECF No. 64-8:52.) The Court considers Plaintiffs' contention that the list for Dr. Dennis is too "vague." (ECF No. 69:6.) Nevertheless, the Court can deduce a reasonable scope for each examination based on Defendant's materials, especially given the limited duration and focus on specific bodily regions. *Cf. Eubank v. Dunn*, No. MO:19-CV-153-DC, 2020 WL 7553827, at *2 (W.D. Tex. Oct. 27, 2020) (ordering the Rule 35 movant to provide "a list of the potential tests" to be conducted to establish scope); *Ornelas*, 292 F.R.D. at 398–99 (finding a list of "potential tests that will comprise the universe of tests" to be appropriate for Rule 35 scope while noting that "the court is not a medical professional" (quoting *Newman v. San Joaquin Delta Cmty. Coll. Dist.*, 272 F.R.D. 505, 512 (E.D. Cal. 2011))). Thus, Defendant has sufficiently clarified the manner and scope of the proposed examinations.

In sum, Defendant has demonstrated good cause to compel Plaintiff Singh to undergo the proposed Rule 35 examinations by Dr. Dennis and Dr. Gregorius.  Further, Defendant has sufficiently specified the time, place, manner, scope, and conditions of the examinations.  The Court incorporates those details herein.

## IV.    CONCLUSION

It is therefore **ORDERED** that Defendant's Motion is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Singh submit to a physical examination of his neck, upper back, and lower back by Dr. Dennis, to begin at 10:00 AM on December 16, 2021, at the following location: 1501 Westcliff Drive, Suite 325, Newport Beach, CA 92660.

**IT IS FURTHER ORDERED** that Plaintiff Singh submit to a physical examination of his left knee, right knee, and left hand by Dr. Gregorius, to begin at 1:30 PM on December 16, 2021, at the following location: California Orthopaedic Specialists, 360 San Miguel Drive #701, Newport Beach, CA 92660.

**IT IS FURTHER ORDERED** that neither examination be recorded by audio or video.

**IT IS FURTHER ORDERED** that counsel for neither party be present during the course of either examination.

**IT IS SO ORDERED.**

**SIGNED** this 23rd day of November, 2021.

ROBERT F. CASTAÑEDA
UNITED STATES MAGISTRATE JUDGE